JS 44
Rev 07/89)

**CIVIL COVER SHEET**

United States District Court
Southern District of Texas
FILED

JUN 1 9 2001

Michael N. Milby
Clerk of Court

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Paul Cameron Kavanaugh, Ph.D.

## DEFENDANTS

Brownsville Community Health Center

# B-01-104

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul Cameron Kavanaugh
3744 Boca Chica, Bldg. 100-D
Brownsville, TX 78521

ATTORNEYS (IF KNOWN)

Raymond A. Cowley
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
4900 N. 10th St., Bldg. A_2
McAllen, TX 78504 (956) 686-1287

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The plaintiff, by his First Amended Petition, has indicated the intention to bring claims under 42 U.S.C. Section 2000e, et seq; Title VII of the Civil Rights Act of 1964, as amended and under 29 U.S.C. Section 621, et esq., the Age Discrimination in Employment Act of 1967

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced ... |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $
unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ N

## VIII. RELATED CASE(S) IF ANY (See instructions):

There is pending a charge of discrimination before the EEOC

JUDGE _____ DOCKET NUMBER _____

DATE
June 19, 2001

SIGNATURE OF ATTORNEY OF RECORD
_Raymond A. Cowley_

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
FILED

JUN 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**B - 0 1 - 1 0 4**

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, Ph.D. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| BROWNSVILLE COMMUNITY | § | |
| HEALTH CLINIC CORPORATION | § | |
| d/b/a BROWNSVILLE COMMUNITY | § | |
| HEALTH CENTER | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Brownsville Community Health Clinic

Corporation d/b/a Brownsville Community Health Center, Defendant, removes this

action from the 357ᵀᴴ Judicial District Court of Cameron County, Texas to the United

States District Court for the Southern District of Texas, Brownsville Division. In support

of this Removal, Defendant represents the following:

1.      This is a civil action filed as Cause No. 2000-10-4377-A, Paul Cameron

Kavanaugh, Ph.D. v. Brownsville Community Health Clinic Corporation d/b/a

Brownsville Community Health Center, and which is pending in the 357th Judicial

District Court for Cameron County, Texas, a court encompassed by the Brownsville

Division of the United States District Court, Southern District of Texas.

2.      In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings

and orders served upon Defendant in the State court action are attached, together with an

index of State court pleadings and a list of all counsel of record.

3.      This Notice of Removal is filed within thirty days of receipt by the

Defendant of the initial pleading from which it may first be ascertained that the case is

1

one which is or has become removable.  Removal is therefore timely pursuant to 28
U.S.C. § 1446(b).

     4.     Defendant represents that it shall give written notice of this removal to
Plaintiff, and shall file notice of the Notice of Removal with the Clerk of the District
Court for Cameron County, Texas, consistent with the provisions of 28 U.S.C. § 1446(d).

     5.     The Original Petition, filed by the Plaintiff in State district court, alleged
only a claim brought under the Texas Whistle Blower Act.  The Plaintiff, however, on
June 6, 2001, filed his First Amended Petition, and therein affirmatively pled for the first
time his intention, once the administrative remedies are exhausted, to add to the present
lawsuit, without the need for further amendment, separate and independent claims arising
under Title VII of the Civil Rights Act of 1964, as amended, "Title VII" and under the
Age Discrimination in Employment Act of 1967 ("ADEA").  Accordingly, this is a civil
action brought in State court of which the district courts of the United States have
original jurisdiction, as the plaintiff is alleging claims arising under the Constitution,
laws, or treaties of the United States. Removal,  therefore,  is proper, pursuant to 28
U.S.C. §§ 1331, 1441 and 1446.  Moreover, even though the administrative remedies
imposed by Title VII and the ADEA have not, as of the time of this removal, fully been
exhausted, the time for removal occurs upon a plaintiff's initial indication of an intention
to add federal law claims.  See, _e.g._, Neal v. Trugreen Limited Partnership, 886 F.Supp.
527, 528 (D.C. Md. 1995).  Accordingly, removal within thirty days of service on the
Defendant of the First Amended Petition, which occurred on June 8, 2001,  is appropriate
and timely, and is not premature.

WHEREFORE, Brownsville Community Health Clinic Corporation d/b/a

Brownsville Community Health Center, Defendant, prays that this action be removed to

this Court and that this Court accept jurisdiction and henceforth place this action on the

Court's docket for further proceedings.

Respectfully submitted,

Raymond A. Cowley
State Bar No. 04932400
4900 N. 10th Street, Ste. A-2
McAllen, Texas  78504
Telephone: (956) 686-1287
Telecopier: (956) 686-6197
ATTORNEYS FOR DEFENDANT
BROWNSVILLE COMMUNITY HEALTH
CLINIC CORPORATION d/b/a
BROWNSVILLE COMMUNITY HEALTH
CENTER

**OF COUNSEL:**

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been

forwarded by certified mail, return receipt requested to the following counsel of record,

on the _19_ day of _June_, 2001.

Paul Cameron Kavanaugh, Pro Se
3744 Boca Chica, Bldg. 100-D
Brownsville, Texas 78521

Raymond A. Cowley

4

Citation for Personal Service  - GENERAL _____     Lit. Seq. # 5.002.01

No. 2000-10-004377-A

T H E   S T A T E   O F   T E X A S     ORIGINAL

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BROWNSVILLE COMMUNITY HEALTH CLINIC CORP
    SERVING REGISTERED AGENT
    PAULA S. GOMEZ
    2137 E. 22ND ST. B'VILLE,TX
    _____

the _____DEFENDANT_____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said ____ORIGINAL PETITION____ was filed on OCTOBER 25, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-10-004377-A.

The style of the case is:

PAUL CAMERON KAVANAUGH, PH.D. _____
VS.
BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION

Said petition was filed in said court by _____PAUL C. KANAVAUGH_____
(Attorney for _____PLAINTIFF_____), whose address is
3744 BOCA CHICA BLVD. 100-D BROWNSVILLE, TEXAS    78521             .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _9th_ day of _NOVEMBER_ , A.D. _2000_.

AURORA DE LA GARZA ____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Estela Salas_____, Deputy

RETURN OF OFFICER

Came to hand the 18 day of _Jan_ , 2001 , at _____ o'clock ___.M., and executed (~~not executed~~) on the _Jan_ day of 19 _____ , 2001 , by delivering to _Paula Gomez, Brownsville Welfare Com Clinic_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _original Petition_____ .

Cause of failure to execute this citation is: _N/A_____

FEES serving 1 copy

Total....... $ _45__     Sheriff/constable _Cameron_ , County, TEXAS

Fees paid by: _T. Zabatte_     By _Joe de Leon_ , Deputy

**JOE T. DE LA FUENTE**
Legal Support of South Texas
P.O. Box 6277 Brownsville, TX. 78521
(956) 541-7332 / No. 92-08-3203-B

ALAN F. LIPPMAN
MY COMMISSION EXPIRES
November 5, 2002

SWORN TO AND SUBSCRIBED BEFORE ME on this 15 day of
_Jan 2001_ , certify which witness my hand and seal of office.

_Alan F. Lippman_
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

JAN 5 2001

Case 1:01-cv-00104   Document 1   Filed in TXSD on 06/19/2001   Page 8 of 66

CAUSE NO. 2000-10-4377-A

FILED_____3:50___O'CLOCK____M
AURORA DE LA GARZA DIST. CLERK

OCT 25 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____DEP.

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, Ph.D. | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | 107H JUDICIAL DISTRICT |
| CLINIC CORPORATION , d/b/a | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAUL CAMERON KAVANAUGH, Ph.D. as Plaintiff, complaining of Defendant, BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, d/b/a BROWNSVILLE COMMUNITY HEALTH CENTER, and for cause of action would show the court and jury as follows:

I.

Plaintiff seeks discovery under Control Plan Level 2 of Rule 190.3 of the Texas Rules Civil Procedure.

II.

Plaintiff, PAUL CAMERON KAVANAUGH is an individual residing in Cameron County, Texas.

Defendant, BROWNSVILLE COMMUNITY HEALTH CENTER, is an assumed name for BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, a non-profit organization doing business in Cameron County, Texas, and its registered agent is Paula S. Gomez, 2137 E. 22nd Street,

Brownsville, Cameron, Texas 78521. Service is not necessary at this time.

## III.

## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are the results of a series of illegal and discriminatory occurrences that happened at the Brownsville Community Health Center in Cameron County, Texas.

The Plaintiff, Paul Cameron Kavanaugh was employed with the Brownsville Community Health Center as director of Youth Health Services from November, 1998 until his unlawful termination on July 27, 2000.

Beginning in the spring of 1999, the Plaintiff started reporting violations of law to the Texas Department of Health and other management officials. Specifically, the Plaintiff told the Texas Department of Health auditor that there were problems and complaints about misappropriation of monies to the Campus Care Centers. A report was generated by the auditor stating that income for the Campus Care Centers should be divided into three separate accounts so that monies could be properly accounted for. After said reports, Plaintiff realized that the Brownsville Community Health Center had not complied with the auditor's request and wrote memos to his department supervisors stating his concerns. Later, Plaintiff spoke to the Texas Department of Health and complained of

similar problems and concerns of continued misappropriations concerning the Campus Care Centers. Plaintiff also reported these matters to various supervisors at the Brownsville Community Health Center. However, his supervisors and the executive director, Paula Gomez, did not appropriately respond to his concerns and resisted disclosure of financial records of the Campus Care Centers to authorized agencies pursuant to proper requests.

At about the time that Plaintiff began to voice his complaints with regard to misappropriation, he began to receive comments of alleged problems with communications with employees. Plaintiff was never made aware of any problems that any employee may have had with him prior to that time. In fact, many changes were going on at the Campus Care Centers and employees had concerns and problems not related to Plaintiff. The project assistant of the Campus Care Centers informed Plaintiff that she could not resolve communication problems between employees. She asked Plaintiff to intervene and Plaintiff complied. In early March 2000, Plaintiff received a first written complaint from his immediate supervisor with regard to communication problems with employees. Whatever Plaintiff would do to alleviate any dissension among employees was futile, and unsupported or ignored by his supervisors. Plaintiff was eventually placed on disciplinary probation because of said "allegations," even though the Brownsville Community Health Center received national recognition for the work of the Campus Care

Centers while Plaintiff was their director.  Plaintiff avers that Defendant's allegations of communication problems were only a pretext to terminate Plaintiff because of his reporting of illegal activities, and said allegations were also untrue and/or unfairly attributed to him.

IV.

## Whistle Blower Act

The illegal discrimination directed towards the Plaintiff, Paul Cameron Kavanaugh, was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority.

On the date of his termination, July 27, 2000, Plaintiff informed, in writing, that the termination was wrong and that he would challenge the validity of the termination on the personnel action form.  On July 28, 2000, Plaintiff requested that his termination be presented to the Board of Directors in writing.  A grievance hearing was eventually scheduled on August 16, 2000.  On or about September 5, 2000, Plaintiff was informed that the termination was final by the chairman of the board of the Brownsville Community Health Center.

V.

At this time, Plaintiff hereby gives notice to all that he only alleges state causes of action detailed in his petition and specifically excludes, and does not intend to litigate herein, any federal cause of action.  The only causes of action which he does intend to litigate in this court are those concerning rights arising under the laws and constitution of the sovereign State of Texas.

VI.

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish.  In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future.  Plaintiff is further being caused a loss of earnings and a loss of earnings capacity, and in all reasonable probability, this incapacity will continue long into the future.

VII.

Should Plaintiff find it necessary to retain the services of a licensed attorney to prosecute this action, Plaintiff would be entitled to recover his reasonable and necessary attorney's fees incurred.

WHEREFORE, premises considered, Plaintiff prays that:

1.    Defendant be cited to appear and answer herein;

2.   Upon final trial, Plaintiff recover judgement against Defendant for Plaintiff's damages;

3.   Reasonable attorney's fees incurred in the prosecution of this action, if any;

4.   Prejudgment interest as allowed by law;

5.   Interest on said judgment at the legal rate from date of judgment;

6.   Costs of suit; and

7.   Such other and further relief as the Court deems proper.

Respectfully submitted,


By: _Paul C. Kavanaugh, Ph. D._
    Paul C. Kanavaugh, Ph.D.
    Plaintiff, Pro Se
    3744 Boca Chica Blvd. 100-D
    Brownsville, TX 78521
    Telephone: (956) 542-7866

CAUSE NO. 2000-10-4377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, PH.D. | § | IN THE 107TH JUDICIAL |

PAUL CAMERON KAVANAUGH, PH.D.     §    IN THE 107TH JUDICIAL

           Plaintiff     §

                      §

VS.                       §

                      §

BROWNSVILLE COMMUNITY HEALTH     §    DISTRICT COURT OF

CLINIC CORPORATION D/B/A            §

BROWNSVILLE COMMUNITY HEALTH     §

CENTER                     §

           Defendant     §    CAMERON COUNTY, TEXAS

---

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

       COMES NOW, BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION

D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, named Defendant herein and files

this its Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully

show unto the Court as follows:

I.

### SPECIAL EXCEPTIONS

       A.     Defendant would specially except to Plaintiff's Original Petition as a whole as

Plaintiff petition fails to state a specific cause of action under which this Plaintiff may seek a

specific remedy. Defendant would request that this Court grant this special exception and

require that Plaintiff replead by stating the specific causes of action he alleges entitle him to

relief, or in the alternative, that the petition be struck.

       B.     Defendant would specially except to the Section III entitled "Factual Allegations"

wherein Plaintiff alleges facts concerning his actions and the actions of others at the clinic with

regard to reporting and his eventual termination as such facts will not be supported by any evidence and fail to properly describe which actions by this defendant give rise to an alleged remedy as against this Plaintiff. Defendant would request that this Court grant this special exception and require that Plaintiff replead by stating the specific facts he alleges entitle him to relief, or in the alternative, that the petition be struck.

C.      Defendants specially except to Plaintiff's Original Petition in that said petition is vague, general, indefinite and fails to fairly apprise defendant of the maximum dollar amount for which they are being sued. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendant would urge the Court to order plaintiff to re-plead with a maximum dollar amount for which he is seeking recovery in this case, or in the alternative, that said pleading be stricken in its entirety.

D.      Defendant specially excepts to paragraph IV of Plaintiff's Original Petition wherein Plaintiff alleged discrimination pursuant to Chapter 554 of the Texas Government Code, more commonly known as the Texas Whistleblower Act, as Plaintiff has failed to plead any legal or factual allegations which would substantiate his right to pursue an action pursuant to said Act. Defendant would request that this Court grant this special exception and request that this Plaintiff replead by indicating the legal and factual basis by which he will qualify for a remedy under said Act or in the alternative, that said pleading be struck.

E.      Defendant would further specially except to paragraph VI of Plaintiff's Original Petition wherein Plaintiff alleges having suffered mental pain and anguish. Defendant would request that the Plaintiff replead by indicating what portion of the Texas Whistleblower Act allows for the collection of pain and anguish damages, and furthermore, the specific amounts of

those damages and monetary amounts as required by law. Should Plaintiff fail to replead correctly, this Defendant would request that the Court strike Plaintiff's pleading.

   E. Defendant would further specially except to paragraph VI of Plaintiff's Original Petition wherein Plaintiff alleges having suffered loss of earnings and loss of earning capacity. Defendant would request that the Plaintiff replead by indicating what portion of the Texas Whistleblower Act allows for the collection of loss of earnings and loss of earning capacity, and furthermore, the specific amounts of those damages and monetary amounts as required by law. Should Plaintiff fail to replead correctly, this Defendant would request that the Court strike Plaintiff's pleading.

   F. Defendant would further specially except to paragraph VII of Plaintiff's Original Petition wherein Plaintiff prays for recovery of attorney's fees. Defendant would request that the Plaintiff replead by indicating what statute would allow him for the recovery of attorney's fees. Furthermore, Plaintiff is not entitled to attorney's fees as he is not a licensed attorney. Should Plaintiff fail to replead correctly, this Defendant would request that the Court strike Plaintiff's pleading.

II.

<b><u>GENERAL DENIAL</u></b>

   Defendant denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition and without waiving its right to file other and further pleadings, motions and discovery, demand that Plaintiff be held to the most strict requirements of proof and that Defendants be released with costs and without delay and for such other and further relief to which they may show themselves justly entitled.

III.

## AFFIRMATIVE DEFENSES

Defendant BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, still urging and relying on matters herein above alleged, by way of further answer, if any may be necessary, alleges by way of affirmative defenses as follows:

A.      Defendant would further plead that Paul Cameron Kanavaugh, Plaintiff, was employed with the Brownsville Community Health Center and his employment was terminated on July 27, 2000. As such, Plaintiff was an at will employee and as such, this Defendant had complete discretion to terminate his employment at any time.

B.      Defendant would assert all those affirmative defenses provided for and allowed by the Texas Whistleblower's Act as delineated in Chapter 554 of the Texas Government Code. More specifically, defendant would assert plaintiff is not a public employee under §554.003 and as such has no remedy under this act.

C.      Pleading further, in the alternative, and without waiving any affirmative defenses defendant would assert Plaintiff has failed to file suit within the applicable limitations of the Texas Whistleblower Act as stated in §554.005 as Plaintiff did not file suit prior to the 90 day expiration after the date on which he was made aware of the alleged violation. As such, this Plaintiff should be barred from any action pursuant to this statute as a matter of law.

IV.

Defendants hereby reserve the right to file any and all cross-actions, third-party actions, discovery, pleadings and motions as it may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, respectfully prays that upon the final hearing hereof, that Plaintiff recover nothing of and from Defendant and that this Court enter a judgment that Defendant go hence without costs of court and for such other and further relief, both legal and equitable to which Defendant may show itself justly entitled.

Signed on this the ___7th___ day of February, 2001.

Respectfully submitted,

LAW OFFICES OF RICARDO M. ADOBBATI
Attorney at Law
134 E. Price Road
Brownsville, Texas 78521
Telephone No. (956) 544-6881
Facsimile No. (956) 544-6883

By:_____
        Ricardo M. Adobbati
        State Bar No. 00796208
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the ___1___ day of February, 2001, a true and correct copy of the foregoing document was delivered via certified mail, return receipt requested to:

Mr. Paul C. Kanavaugh, Ph.D.
3744 Boca Chica Blvd. 100-D
Brownsville, Texas  78521

_____
Ricardo M. Adobbati

CAUSE NO. 2000-10-4377-A

FILED 2:55 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK

FEB 05 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Elaisa B. Garcia DEPUTY

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, PH.D. | § | IN THE 107TH JUDICIAL |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | DISTRICT COURT OF |
| CLINIC CORPORATION D/B/A | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S CERTIFICATE OF WRITTEN DISCOVERY

Pursuant to Rule 194.1 of the Texas Rules of Civil Procedure, undersigned counsel represents that the following pleading was delivered to Defendant, via certified mail, return receipt requested on the 8th day of February, 2001.

1.     Defendant's Requests for Disclosures to Plaintiff.

Signed on this the _8_ day of February, 2001.

Respectfully submitted,

LAW OFFICES OF RICARDO M. ADOBBATI
134 E. Price Road
Brownsville, Texas  78521
Telephone: (956) 544-6881
Facsimile: (956) 544-6883

By: _Ricardo M. Adobbati /s/ by perm._
     Ricardo M. Adobbati          _(AS)_
     State Bar No. 00790208
     Federal I.D. No. 18158

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the ___8___ day of February, 2001, a true and correct copy of the foregoing document was delivered via certified mail, return receipt requested to:

Mr. Paul C. Kanavaugh, Ph.D.
3744 Boca Chica Blvd. 100-D
Brownsville, Texas 78521

_Ricardo M. Adobbati /s/ by perm (AS)_
Ricardo M. Adobbati

Case 1:01-cv-00104   Document 1   Filed in TXSD on 06/19/2001   Page 22 of 66

FILED 7.55 O'CLOCK M
AURORA DE LA GARZA DIST. CLERK

APR 2 5 2001

By Eloisa Guerrero

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## MOTION TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

RICARDO M. ADOBBATI, attorney for Brownsville Community Health Center,

Defendant, requests leave of this Court to withdraw from representing this Defendant, and for the

new attorney and firm identified below to be substituted as counsel.

This Motion is based on good cause, in that the Defendant has requested that Raymond

A. Cowley, Rodriguez, Colvin & Chaney, L.L.P., be substituted as counsel for Defendant. The

withdrawal and substitution are not sought for delay.

The new attorney to be designated as counsel in this matter is: Raymond A. Cowley,

Rodriguez, Colvin & Chaney, LLP, 4900 North 10th, Bldg. A2, McAllen, Texas 78504, (956)

686-1287, (Fax) 686-6197. The Defendant has requested and consents to the substitution.

WHEREFORE, Ricardo Adobbati of the Law Office of Ricardo M. Adobbati respectfully

requests that this Court enter an order permitting Ricardo M. Adobatti to withdraw from this

cause, and that Raymond A. Cowley, Rodriguez, Colvin & Chaney, L.L.P. be permitted to

substitute as counsel.

Respectfully submitted,

**LAW OFFICE OF RICARDO M. ADOBBATI**
134 E. Price Road
Brownsville, Texas 78521
Telephone: (956) 544-6881
Telefax #: (956) 544-6883

RICARDO M. ADOBBATI
State Bar No.: 00790208

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
4900 A-2 North Tenth Street
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax #: (956) 686-6197

RAYMOND A. COWLEY
State Bar No.: 04932400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded

by certified mail, return receipt requested to the following counsel of record, on the 24 day of

April , 2001.

Paul Cameron Kavanaugh, Pro Se
3744 Boca Chica, Bldg. 100-D
Brownsville, Texas 78521

Mr. Ricardo M. Adobbati
Law Office Of Ricardo M. Adobbati
134 E. Price Road
Brownsville, Texas 78521

Raymond A. Cowley

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## ORDER PERMITTING SUBSTITUTION OF COUNSEL

CAME ON TO BE CONSIDERED the Motion requesting that the Law Office of Ricardo

M. Adobbati be permitted to withdraw as counsel in the above-entitled and numbered cause, and

that Raymond A. Cowley of Rodriguez, Colvin & Chaney, L.L.P. be permitted to substitute as

counsel. The Court, having examined the foregoing Motion, and being of the opinion that good

cause has been shown, finds that the Motion is well-taken and should be granted. IT IS

THEREFORE

ORDERED AND ADJUDGED that the Law Office of Ricardo M. Adobbati is permitted to

withdraw as attorney of record for Brownsville Community Health Center in this cause, and that

Raymond A. Cowley of Rodriguez, Colvin & Chaney, L.L.P. be allowed to substitute as attorney.

DONE this 26th day of April , 2001, at Cameron County,
Texas.

_____
Judge Presiding

APR 2 6 2001

xc:   Raymond A. Cowley
      Rodriguez, Colvin & Chaney
      4900 A-2 North 10th St.
      McAllen, Texas 78504

      Paul Cameron Kavanaugh
      3744 Boca Chica, Bldg. 100-D
      Brownsville, Texas 78521

      Ricardo Adobbati
      Law Office of Ricardo M. Adobbati
      134 E. Price Road
      Brownsville, Texas 78521

Case 1:01-cv-00104   Document 1   Filed in TXSD on 06/19/2001   Page 25 of 66

FILED ____
AURORA DE LA GARZA DIST. CLERK
O CLOCK ____ M
MAY 1 8 2001
RICK M. CORNEJO ____ EXAS
____ DEPUTY

CAUSE NO. 2000-10-00437?-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## MOTION FOR SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

BROWNSVILLE COMMUNITY HEALTH CENTER, the Defendant, moves this Court to grant summary judgment in its favor, for the reason that there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law.

### Factual Background and Summary of Basis for Granting Judgment

1.      Defendant Brownsville Community Health Center is a private, non-profit corporation.[1] The Plaintiff, Paul Cameron Kavanaugh, was an employee of the Defendant, and alleges that his employment was terminated in violation of the Chapter 554 of the Texas Government Code, commonly referred to as the "Texas Whistle Blower Act."

2.      As the following will show, the Defendant, as a private corporation, cannot be liable under the said Act, and the Plaintiff, as a former employee, was not a public employee and thus has no right under the Act for relief.

### Arguments and Authorities

3.      Rule 166a of the Texas Rules of Civil Procedure provides that

> "[a] party against whom a claim . . . is asserted . . . may, at any time, move . . . for summary judgment . . . The judgment sought shall be rendered forthwith if (i) the deposition transcripts . . . referenced or set forth in the motion . . . and the (ii) affidavits . . . on file . . . show that . . . there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. "

---

[1] Affidavit of Paula S. Gomez, attached hereto and incorporated herein as set forth verbatim, as Exhibit "A."

CUIPDF - www.fesliu.com

The Rule further provides that "[a]fter adequate time for discovery, a party, without presenting summary judgement evidence, may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . ."

4.    The Whistle Blower Act, by its express language, applies only to "[a] state agency or local government."[2] A "state agency" is defined by the Act as,

(A)    a board, commission, department, office, or other agency in the executive branch of state government, created under the constitution or a statute of the state, including an institution of higher education, as defined by Section 61.003, Education Code;

(B)    the legislature or a legislative agency; or

(C)    the Texas Supreme Court, the Texas Court of Criminal Appeals, a court of appeals, a state judicial agency, or the State Bar of Texas.[3]

Similarly a "local government" is defined as "'a county, a municipality, a public school district, or a special-purpose district of authority."[4]

5.    As shown by the attached Affidavit of Paula S. Gomez, Brownsville Community Health Center is a private, non-profit corporation, and specifically is not a county, municipality, public school district, or special-purpose district or authority. Similarly, the Health Center is not 1) a board, commission, department, office, or other agency in the executive branch of the state government; 2) the legislature or a legislative agency; or 3) a judicial agency or court of any kind.

6.    The uncontroverted summary judgment evidence shows that the Defendant, as a private entity, cannot be liable under the Texas Whistle Blower Act, and the Plaintiff, as a former employee of the Defendant, was not a public employee.  Consequently, Plaintiff has no remedy under the Act and summary judgment should, therefore, be granted in favor of the Defendant.

7.    This motion is supported by the pleadings[5] and the summary judgment evidence attached hereto.  Insofar as the Court does not grant the full judgment sought, Defendant

---

[2]Tex. Gov. Code, Ch. 554, §554.002. ("A state agency or local government may not suspend or terminate the employment of or discriminate against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority.").

[3] Id. at §554.001(4).

[4] Id. at §554.001(2).

respectfully asks the Court to examine the pleadings, interrogate counsel and delineate for the parties which material facts remain and are in good faith controverted, such that the parties must proceed to trial.

WHEREFORE, Brownsville Community Health Services, Defendant, prays that the Court grant its motion and enter judgment that the Plaintiff take nothing. The Defendant further prays for its costs and for other relief to which it may be entitled.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
4900 A-2 North Tenth Street
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax #: (956) 686-6197

RAYMOND A. COWLEY
State Bar No.: 04932400

1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax #:  (956) 541-2170

TERI L. DANISH
State Bar No. 05375320

---

[5] The Plaintiff's pleadings are referred to for the limited purpose only of showing the nature of the Plaintiff's claims, but without admitting to the truth of the matters alleged, which matters are denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to the following counsel of record, on the __10th__ day of __May__, 2001.

Paul Cameron Kavanaugh, Pro Se
3744 Boca Chica, Bldg. 100-D
Brownsville, Texas 78521

Raymond A. Cowley

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING DATE

The hearing on the ***Motion for Summary Judgment*** filed in this cause by

Defendant has been set for _____ o'clock a.m. on the _____ day of

_____, 2001, in the 107th Judicial District Court of Cameron County, Texas.

The Clerk of this Court is instructed to inform all counsel of record of same.

DONE this _____ day of _____, 2001, at Brownsville, Texas.

_____
Judge Presiding

xc:   Mr. Raymond A. Cowley
      Rodriguez, Colvin & Chaney, LLP
      4900 A-2 North Tenth Street
      McAllen, Texas 78504

      Ms. Teri L. Danish
      Rodriguez, Colvin & Chaney, LLP
      1201 E.Van Buren
      Brownsville, Texas 78520

      Paul Cameron Kavanaugh
      3744 Boca Chica, Bldg. 100-D
      Brownsville, Texas 78521

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant | § | OF CAMERON COUNTY, TEXAS |

## <u>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

On _____, 2001, the Court considered the Motion for Summary Judgment

filed in this cause by Defendant.  The Court, having considered the Motion for Summary

Judgment, the summary judgment evidence and arguments and authorities presented, finds that the

Motion should be granted. IT IS, THEREFORE,

ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary

Judgment is hereby **GRANTED,** and judgment is hereby entered that the Plaintiff take nothing.

Any and all relief not specifically granted herein is denied.

SIGNED this _____ day of _____, 2001, at Brownsville, Texas.

_____
Judge Presiding

xc:   Raymond A. Cowley
      Teri L. Danish
      Rodriguez, Colvin & Chaney
      4900 A-2 North 10th St.
      McAllen, Texas 78504

      Paul Cameron Kavanaugh
      3744 Boca Chica, Bldg. 100-D
      Brownsville, Texas 78521

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CLINIC CORPORATION, D/B/A | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
|     Defendant | § | OF CAMERON COUNTY, TEXAS |

## <u>AFFIDAVIT OF PAULA S. GÓMEZ</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared PAULA S. GÓMEZ, who being by me duly sworn, deposed as follows:

"My name is Paula S. Gómez. I am over 21 years of age and have never been convicted of a felony. I am the Executive Director for Brownsville Community Health Clinic Corporation dba Brownsville Community Health Center ("the Center"). I therefore have personal knowledge of the facts state herein, and those facts are true and correct.

"The Center is not a county, municipality, public school district or special-purpose district or authority; and similarly is not a board, commission, department, office, or other agency in the executive branch of state government; and similarly is not either the legislature or a legislative agency; and is not a judicial agency or court of any kind.

"Instead, the Center is a private, non-profit corporation organized under the Texas Non-Profit Organization Act."

Further affiant sayeth naught.



_Paula S. Gomez_
**AFFIANT**

**SUBSCRIBED AND SWORN** to before me on this ___8th___ DAY OF
___March___, 2001, to certify which witness my hand and official seal.

_SBmoran_

S. B. MORAN
Notary Public, State of Texas
My Commission Expires
**August 06, 2003**

Notary Public – State of Texas

CAUSE NO. 2000-10-004377-A

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
|     Defendant | § | OF CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING DATE

The hearing on the **_Motion for Summary Judgment_** filed in this cause by Defendant has been set for _8:30_ o'clock a.m. on the _14_ day of _June_, 2001, in the 107th Judicial District Court of Cameron County, Texas.

The Clerk of this Court is instructed to inform all counsel of record of same.

DONE this _22_ day of _May_, 2001, at Brownsville, Texas.

Migdalia Lopez

Judge Presiding

2 4 MAY 2001

xc:   Mr. Raymond A. Cowley
      Rodriguez, Colvin & Chaney, LLP
      4900 A-2 North Tenth Street
      McAllen, Texas 78504

      Ms. Teri L. Danish
      Rodriguez, Colvin & Chaney, LLP
      1201 E. Van Buren
      Brownsville, Texas 78520

      Paul Cameron Kavanaugh
      3744 Boca Chica, Bldg. 100-D
      Brownsville, Texas 78521

3:00

Estela Salas

008
        In The
    107th JUDICIAL DISTRICT COURT
      CAMERON COUNTY
      State of Texas

PAUL CAMERON KAVANAUGH, Ph.D., §
    Plaintiff;     §
            §
VS.           §
            §  Cause No. 2000-10-4377-A
            §
BROWNSVILLE COMMUNITY HEALTH §
CLINIC CORPORATION, d/b/a  §
BROWNSVILLE COMMUNITY HEALTH §
CENTER,        §
    Defendant.   §

------------------------------------------------------------
### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
### *MOTION FOR SUMMARY JUDGEMENT*
------------------------------------------------------------

  1. COMES NOW, PLAINTIFF PAUL CAMERON KAVANAUGH, Ph.D., and files this response in opposition to defendant's *Motion for Summary Judgement*, filed herein on or about May 18, 2001.  Defendant's motion is directed at plaintiff's claim under Chapter 554 of the Texas Government Code, known as the "Whistle Blower Act."  This is the only issue presented on defendant's motion.

  2. With this response plaintiff files PLAINTIFF'S AMENDED PETITION - FIRST.  The amended petition deletes plaintiff's claim under Chapter 554 of the Texas Government Code, known as the "Whistle Blower Act."  Defendant's motion for summary judgement is moot, as the claim at which it is directed is not now at issue herein.

  3. In the amended petition plaintiff asserts claims under

ClubPDF - www.Tdeku.com

the Constitution of the State of Texas, and under the common law of the state of Texas.   Subject to the completion of jurisdictional conditions precedent, plaintiff also at appropriate future time asserts claims under federal law.

### VI     PRAYER

4.   WHEREFORE, premises considered, Plaintiff prays the court grant such relief as requested below.

5.   ORDER that defendant's *Motion for Summary Judgment* be in all respects denied as moot.

6.   Order such other and further relief as proper and just.

Respectfully submitted,

*Paul Kavanaugh* /PB

Paul C. Kavanaugh, Ph.D.
Plaintiff, *Pro Se*
3744 Boca Chica Blvd. 100-D
Brownsville, TX 78521
Telephone: (956) 542-7866

-------------------------------------------------------------

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Raymond Cowley
SBOT No. 04932400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 North Tenth Street
McAllen, TX 78504
956.686.1287 Telephone
956.686.6197 Telecopier,
via: certified mail #7099 3400 0017 5908 7540;

Ms. Teri Danish
SBOT No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
956.542.7441 telephone
956.541.2170 telecopier, via: First Class Mail

Attorneys for Defendant

by means of A.S.K.

on the _O6_ day of ___June___, 20 _O1_ .

*P.Kavanaugh /PB*
Paul C. Kavanaugh, Ph.D.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
*MOTION FOR SUMMARY JUDGEMENT*                          3

009

In The
107th JUDICIAL DISTRICT COURT
CAMERON COUNTY
State of Texas

PAUL CAMERON KAVANAUGH, Ph.D.,    §
        Plaintiff;                §
                                  §
VS.                               §
                                  §    Cause No. 2000-10-4377-A
                                  §
BROWNSVILLE COMMUNITY HEALTH      §
CLINIC CORPORATION, d/b/a         §
BROWNSVILLE COMMUNITY HEALTH      §
CENTER,                           §
        Defendant.                §

------------------------------------------------------------
O R D E R / ON:
DEFENDANT'S *MOTION FOR SUMMARY JUDGEMENT*
------------------------------------------------------------

   1.   On this _____ day of _____, 2001 this case came on
for hearing upon defendant's *MOTION FOR SUMMARY JUDGEMENT*.  Having
considered the motion, the evidence, the pleadings of record,
argument of plaintiff *pro se*, and argument of counsel for
defendant, the court makes such findings and rulings as stated
below.

   2.   Defendant's motion is directed at plaintiff's claim under
Chapter 554 of the Texas Government Code, known as the "Whistle
Blower Act."  This is the only issue presented on defendant's
motion.

   3.   The court takes notice of *PLAINTIFF'S AMENDED PETITION –
FIRST*, filed herein on June 6, 2001.  The amended petition deletes

plaintiff's claim under Chapter 554 of the Texas Government Code, known as the "Whistle Blower Act." Defendant's motion for summary judgement is moot, as the claim at which it is directed is not now at issue herein.

4.    In the amended petition plaintiff asserts claims under the Constitution of the State of Texas, and under the common law of the state of Texas.

5.    Accordingly, it is ORDERED, that defendant's motion be, and hereby is, DENIED.

6.    It is further ORDERED that this case shall proceed upon plaintiff's amended petition, subject to further amendment and orders of court.

7.    This Clerk shall mail a copy of this order to plaintiff and counsel of record.


_____
            Migdalia Lopez
            DISTRICT JUDGE


O R D E R / ON:
DEFENDANT'S *MOTION FOR SUMMARY JUDGEMENT*                              2

007

In The
107th JUDICIAL DISTRICT COURT
CAMERON COUNTY
State of Texas

PAUL CAMERON KAVANAUGH, Ph.D., §
       Plaintiff; §
        §
VS. §
        §     Cause No. 2000-10-4377-A
        §
BROWNSVILLE COMMUNITY HEALTH §
CLINIC CORPORATION , d/b/a §
BROWNSVILLE COMMUNITY HEALTH §
CENTER, §
       Defendant. §

------------------------------------------------------------
PLAINTIFF'S AMENDED PETITION - FIRST
------------------------------------------------------------

I    INTRODUCTION

1.   COMES NOW, PAUL CAMERON KAVANAUGH, Ph.D., Plaintiff, complaining of Defendant, BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, d/b/a BROWNSVILLE COMMUNITY HEALTH CENTER, his former employer. This is an employment case based on the wrongful termination of plaintiff's employment. Plaintiff seeks protection of his rights under the Constitution of the State of Texas, and also asserts common law causes of action. On or about April 26, 2001 plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (Exhibit A), and the EEOC is now investigating the charge (Exhibit B). Plaintiff seeks discovery under Control Plan Level 2 of Rule 190.3 of the Texas Rules Civil Procedure. Plaintiff demands a jury.

## II    JURISDICTION

2.    Plaintiff seeks remedies and damages within the jurisdictional limits of this court.    Regarding plaintiff's pending EEOC charge (Exhibit A), the administrative process has not been completed, and EEOC has not issued a Notice of Right to Sue. However, when jurisdictional conditions precedent are completed, plaintiff hereby asserts such federal claims herein, without further amendment.  Plaintiff will file the EEOC Notice of Right to Sue as Exhibit C hereto.

## III    PARTIES

3.    Plaintiff PAUL CAMERON KAVANAUGH ("plaintiff" or by name) is an individual residing in Cameron County, Texas.

4.    Defendant, BROWNSVILLE COMMUNITY HEALTH CENTER, is an assumed name for BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION ("defendant," "clinic," "employer," or by name), a nonprofit organization doing business in Cameron County, Texas.  Defendant has appeared and answered herein.  The defendant clinic is funded by public money by the local, state and federal governments.  The defendant clinic is open to the public, is a public accommodation, and is a de facto agency of the City of Brownsville.

## IV    STATEMENT OF THE CASE

5.  This case is based on a series of illegal and discriminatory occurrences that happened at the Brownsville Community Health Center in Cameron County, Texas within the

applicable limitations periods.

6. Plaintiff was employed with the Brownsville Community Health Center as director of Youth Health Services from November, 1998 until his unlawful termination on July 27, 2000.

7. Beginning in the spring of 1999, the Plaintiff started reporting violations of law to the Texas Department of Health and other management officials. Specifically, the Plaintiff told the Texas Department of Health auditor that there were problems and complaints about misappropriation of monies to the Campus Care Centers. The auditor issued a report stating that income for the Campus Care Centers should be divided into three separate accounts so that monies could be properly accounted for.

8. After the auditor's report, Plaintiff realized that the Brownsville Community Health Center had not complied with the auditor's request and wrote memos to his department supervisors stating his concerns. Later, Plaintiff spoke to the Texas Department of Health and complained of similar problems and concerns of continued misappropriations concerning the Campus Care Centers.

9. Plaintiff also reported these matters to various supervisors at the Brownsville Community Health Center. Plaintiff's supervisors and the executive director, Paula Gomez, resisted disclosure of financial records of the Campus Care Centers to authorized agencies pursuant to proper requests. Based on such

PLAINTIFF'S AMENDED PETITION - FIRST                                    3

conduct, plaintiff concluded his supervisors and the executive director, Paula Gomez, did not appropriately respond to his concerns.

10. At about the time that Plaintiff began to voice his complaints with regard to misappropriation, management began to tell plaintiff that he had problems "communicating with employees." Management had not previously told Plaintiff he had any job-related problems.

11. At the time plaintiff voiced his concerns regarding use and possible misuse of public money, many changes were occurring at the Campus Care Centers. Employees had concerns and problems not related to Plaintiff. The project assistant of the Campus Care Centers informed Plaintiff that she could not resolve communication problems between employees. She asked Plaintiff to intervene and Plaintiff complied.

12. In early March 2000, Plaintiff's immediate supervisor gave plaintiff a written complaint regarding "communication problems with employees." This was the first written warning plaintiff had received. Whatever Plaintiff would do to alleviate any dissension among employees was futile, and unsupported or ignored by his supervisors.

13. Plaintiff was eventually placed on disciplinary probation because of said "allegations," even though the Brownsville Community Health Center received national recognition for the work

of the Campus Care Centers while Plaintiff was their director. Plaintiff avers that Defendant's allegations of communication problems were only a pretext to terminate Plaintiff for reasons including his assertion of his rights under the Constitution of the State of Texas guaranteeing Freedom of Speech by reporting misuse of public funds and voicing such matters of public concern.

14. Defendant's illegal discrimination against Plaintiff was in part retaliation for plaintiff's good faith reporting of a violation of the law by defendant to an appropriate law enforcement authority. Plaintiff's right to voice concern over such matter of public importance is protected Free Speech under the Constitution of the State of Texas. Defendant's conduct violates plaintiff's rights under the Constitution of the State of Texas.

15. Plaintiff alleges that defendant's allegations regarding "communication problems with employees" were simply a pretext used to terminate plaintiff. On July 27, 2000, defendant advised plaintiff of the termination of his employment. Plaintiff immediately responded in writing stating that the termination was wrong and that he would challenge same. On July 28, 2000, plaintiff requested the matter be presented to the clinic's Board of Directors.

16. Upon being advised that defendant would terminate him, plaintiff opposed such conduct toward him both orally and in writing. Thus, plaintiff asserted his rights under the applicable

federal statutes by opposing a practice made unlawful under thereunder. Thereafter the Board of Directors conducted a hearing on August 16, 2000. On or about September 5, 2000 defendant advised plaintiff that his termination was final.

17. Mexican-Americans, or persons of otherwise Hispanic origin predominate in management, and hold the key decision making positions. Plaintiff was the only male management employee who was not Mexican-American, or otherwise of Hispanic origin. Mexican-American, or persons otherwise of Hispanic origin, who were management employees and who offered constructive criticism of administrative matters, were not similarly treated. Plaintiff was replaced by a younger Mexican-American male (Alix Flores), in his late 20's or 30's.

18. While such matters stated herein constitute discrimination against him in terms and conditions of employment based on race/ethnicity ("white"), his gender (male), his age, and because plaintiff opposed a practice made unlawful under applicable statutes (Retaliation), since jurisdictional conditions precedent have not been completed, plaintiff does not at this time assert any such claims under federal law. However, plaintiff alleges defendant's actions against him violated plaintiff's rights under the Due Course of Law and Equal Rights Amendment to the Constitution of the State of Texas.

19. It is, and at times relevant was, defendant's official

policy, and defendant affirmatively represented to plaintiff that defendant would "employ ... practices designed to endure ... equal employment opportunity without regard to race, color, age, religion, sex, or national origin." (Exhibit D- personnel policies and procedures manual; April 2000). Defendant further represented to plaintiff that defendant would "[f]ollow all federal, state and local laws regarding the employment relationship, including all laws regarding nondiscrimination with respect to race, national origin, citizenship, color, religion, gender, age (over 40), or disability ...." (Exhibit C- personnel policies and procedures manual; April 2000). Pursuant to such policy and conduct, a contract or *quasi* contract existed between plaintiff and defendant regarding such matters. Defendant's actions against plaintiff violated this contract or *quasi* contract.

20. Plaintiff relied on defendant's representation to him as stated above, by among other things, declining to seek other employment. In violation of defendant's stated policy, defendant discriminated against plaintiff in terms and conditions of employment based on race/ethnicity ("white"), his gender (male), his age, and because plaintiff opposed a practice made unlawful under applicable statutes (Retaliation). As the result of defendant's conduct, plaintiff has sustained loss of income.

## V   MISCELLANEOUS

21. At this time, Plaintiff only alleges state claims and

PLAINTIFF'S AMENDED PETITION - FIRST                                    7

causes of action, and specifically excludes, and does not assert herein, any federal claim or cause of action. Regarding federal claims which plaintiff at a later date may assert herein, when jurisdictional conditions precedent are completed, plaintiff hereby asserts such federal claims herein, without further amendment. Plaintiff will file the EEOC Notice of Right to Sue as Exhibit C hereto. However, at this time the only claims and causes of action which plaintiff asserts herein are those concerning rights arising under the laws and Constitution of the sovereign State of Texas.

## VI    DAMAGES

22. As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff is further being caused a loss of earnings and a loss of earnings capacity, and in all reasonable probability, this incapacity will continue long into the future.

## VI    PRAYER

23. WHEREFORE, premises considered, Plaintiff prays the court upon final hearing enter judgement for plaintiff and order such relief as includes that stated below.

26. DECLARE that defendant's conduct is in violation of the Constitution of the State of Texas.

26. DECLARE that defendant's conduct is in violation of the

PLAINTIFF'S AMENDED PETITION - FIRST                                    **8**

contract or *quasi* contract between plaintiff and defendant whereby defendant agreed not to discriminate against plaintiff based on, among other things, race, gender and age.

27.   ORDER that upon final trial, Plaintiff recover judgement against Defendant for Plaintiff's damages, including compensatory and punitive.

28.   ORDER that defendant pay plaintiff prejudgment interest as allowed by law.

29.   ORDER that defendant pay plaintiff interest on said judgment at the legal rate from date of judgment.

30.   ORDER that defendant pay plaintiff reasonable attorney's fees and costs.

31.   ORDER that defendant not retaliate against plaintiff.

32.   ORDER such other and further relief as the Court deems proper and just.

Respectfully submitted,

Paul Kavanaugh

Paul C. Kavanaugh, Ph.D.
Plaintiff, *Pro Se*
3744 Boca Chica Blvd. 100-D
Brownsville, TX 78521
Telephone: (956) 542-7866

-----------------------------------------------------------------

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Raymond Cowley
SBOT No. 04932400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 North Tenth Street
McAllen, TX 78504
956.686.1287 Telephone
956.686.6197 Telecopier,
via: certified mail # 7099 3400 0017 5908 7540

Ms. Teri Danish
SBOT No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, TX 78522
956.542.7441 telephone
956.541.2170 telecopier

Attorneys for Defendant

by means of A.S.A.

on the O6 day of June , 20 O1 .

P. Kavanaugh

Paul C. Kavanaugh, Ph.D.

PLAINTIFF'S AMENDED PETITION - FIRST                    10

004                          Before The
       UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                     San Antonio District Office
                            and the
                         State of Texas
                  TEXAS COMMISSION ON HUMAN RIGHTS
------------------------------------------------------------------
PAUL KAVANAUGH, Ph. D.,            §
                                  §
           Charging Party,         §
                                  §
Vs.                               § EEOC Charge No. _____
                                  § TCHR Complaint No. _____
                                  §
BROWNSVILLE COMMUNITY HEALTH       §
   CLINIC CORPORATION,             §
   d/b/a                           §
BROWNSVILLE COMMUNITY              §
   HEALTH CENTER;                  §
                                  §
           Respondent.             §
------------------------------------------------------------------
              CHARGE OF EMPLOYMENT DISCRIMINATION
                  Pursuant to Title VII of  the
           Civil Rights Acts of 1964 and 1991, As Amended; and the
                  Age Discrimination in Employment Act
------------------------------------------------------------------

                      I    INTRODUCTION

     1.    Comes now Paul Kavanaugh, Ph. D., Charging Party, and

files  this  charge  of  employment  discrimination  against  the

Brownsville Community Health Clinic Corporation d/b/a Brownsville

Community Health Center, Defendant, his former employer.  Charging

Party alleges the Respondent violated Title VII of the Civil Rights

Acts of 1964 and 1991, the Age Discrimination in Employment Act,

and such similar section of the Texas Labor Code by discriminating

against him based on race/ethnicity ("white"), gender (male), and

because  he  opposed  a  practice  made  unlawful  under  the  Acts

("Retaliation"), in ways including terminating his employment on or

CHARGE OF EMPLOYMENT DISCRIMINATION                              1

EXHIBIT
A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## San Antonio District Office

5410 Fredericksburg Rd.., Suite 200
San Antonio, TX 78229-3555
PH: (210) 281-7600
TDD: (210) 281-7610
FAX: (210) 281-7606
WEBSITE: www.eeoc.gov

Mr. Paul Kavanaugh

7

Charge No.  360 A1 0936
Respondent: Brownsville Community Health Clinic

Mr. Kavanaugh:

Your charge of employment discrimination has been assigned to me. I have thoroughly reviewed
the information provided during the intake process; however, if you have any additional
information since that time concerning your allegation(s), please submit it to me immediately. If
not, you need to do nothing at this time.

You are required to notify EEOC of any change in your address, telephone number and any
prolonged absences from your current address.

Your cooperation is essential.

Sincerely,

Monte L. Earwood

_05 / 31 / 2001_
Date

Monte Earwood
Federal Investigator
210-281-7682

**EXHIBIT**
**2**

007
In The
107th JUDICIAL DISTRICT COURT
CAMERON COUNTY
State of Texas

PAUL CAMERON KAVANAUGH, Ph.D.,     §
          Plaintiff;               §
                                   §
VS.                                §
                                   §     Cause No. 2000-10-4377-A
                                   §
BROWNSVILLE COMMUNITY HEALTH       §
CLINIC CORPORATION , d/b/a         §
BROWNSVILLE COMMUNITY HEALTH       §
CENTER,                            §
          Defendant.               §

----------------------------------------------------------------
                PLAINTIFF'S AMENDED PETITION – FIRST
----------------------------------------------------------------


EXHIBT C

Reserved for Notice of Right to Sue
after such is issued by the EEOC

PLAINTIFF'S AMENDED PETITION – FIRST



EXHIBIT
C

BCHC Policies
and Procedures Manual

All policies, procedures and guidelines in this
manual were reviewed in April 2000.



# BROWNSVILLE COMMUNITY HEALTH CENTER

## MISSION, VISION AND VALUES

### Mission Statement

To provide comprehensive primary health care services with excellence and dignity to our community.

### Vision

In service of the mission, Brownsville Community Health Center will be a community oriented comprehensive primary care center that will strive to maintain a competitive edge I the changing health care environment.

### Values

✓ Excellence
✓ Teamwork
✓ Continuous Quality Improvement
✓ Community Orientation
✓ Responsiveness to Needs
✓ Empowerment
✓ Service to All, regardless of ability to pay at the time of service

CSIIPDF - www.fneiia.com

# INTRODUCTION

### 1.01    Statement of Purpose:

The Board of Directors of Brownsville Community Health Center, by federal regulation, is required to establish personnel policies and delegate their authority to the Executive Director for implementation. The Board of Directors has the absolute authority to hire/terminate the Executive Director. The Executive Director is empowered to hire/terminate all staff employed by BCHC. The Board of Directors reserves the right to suspend any benefits made available to employees or contractors by BCHC upon request from the granting agency and/or as a result of budgetary constraints.

### 1.02    Statement of Responsibility:

It is the responsibility of all staff, employed or under contract, to read and follow all policies and procedures as stated in this personnel manual.

### 1.03    Employee At-Will:

This employee manual does not constitute an employment contract and is not intended to create contractual obligations of any kind. No property right exists in continued employment with employer (BCHC) as all employees are considered "at-will". This means that said employment is not for any specific period of time and is terminable at the will of either the employer (BCHC) or the employee. "At-will" further indicates that, the employment can be terminated by either party, with or without cause, at any time during employment.

### 1.04    Equal Employment Opportunity and Affirmative Action

It is the policy of BCHC to employ positive business and human resources practices designed to ensure the full realization of equal employment opportunity without regard to race, color, age, religion, sex or national origin.

To implement this policy, BCHC will continue to:

-    Follow all federal, state and local laws regarding the employment relationship, including all laws regarding non-discrimination with respect to race, national origin, citizenship, color, religion, gender, age (over 40), or disability;

-    Comply with the provisions of the Americans with Disabilities Act (ADA), extending reasonable accommodations to applicants and employees with disabilities as provided for under the ADA.

# BROWNSVILLE COMMUNITY HEALTH CENTER

## MISSION, VISION AND VALUES

### Mission Statement

To provide comprehensive primary health care services with excellence and dignity to our community.

### Vision

In service of the mission, Brownsville Community Health Center will be a community oriented comprehensive primary care center that will strive to maintain a competitive edge I the changing health care environment.

### Values

- ✓ Excellence
- ✓ Teamwork
- ✓ Continuous Quality Improvement
- ✓ Community Orientation
- ✓ Responsiveness to Needs
- ✓ Empowerment
- ✓ Service to All, regardless of ability to pay at the time of service

C56PDF - www.fastio.com

Retaliation of any kind against any employee who, in good faith, brings a sexual harassment complaint or assists in investigating a complaint is prohibited.

Exercising rights under this policy does not in any way affect an employee's right to seek relief through the Texas Commission on Human Rights, the Equal Employment Opportunity Commission (EEOC) or in a court of proper jurisdiction for any complaint for which a remedy is provided under state or federal law.

## Complaint Procedure

An employee who believes he or she is being or has been subjected to any form of sexual harassment shall bring the matter to the attention of the Human Resources Manager or the immediate supervisor. Offices of the EEOC will accept such claims, also.

## Employee/Student/Patient

Federal Funding- As indicated in the description of the Clinic *supra*, the Clinic is subject to federal funding, and as a consequence, further subject tot he guidelines and procedures required by the federal government in order to continue receiving it's funding. To the Clinic's knowledge, all those requirements contained within this Policy, Procedures and Guidelines Manual are within the parameters promulgated by the federal government. In the case as specific actions or guidelines are contrary to federal guidelines, federal guidelines shall apply. Such changes will be applicable only to the specific guideline in question and the remainder of these guidelines shall remain intact and enforceable. To the extent the federal regulations allow some sort of flexibility as long as the regulations and guidelines of this manual are within those parameters, the guidelines contained within this manual shall apply even if federal guidelines or regulations provided a different result or action.

Romantic relationships between BCHC employees with students and/or patients constitute unprofessional conduct and are prohibited.

All allegations of sexual harassment or sexual abuse of students/patients by employees shall be reported and investigated by the Human Resources Manager and/or the immediate supervisor. Information about sexual harassment or sexual abuse of a student/patient that may reasonably be characterized as suspected child abuse or neglect should be reported to appropriate authorities, as required by law. Authorities from the sponsoring school should be notified.

In considering and investigating allegations that an employee has sexually harassed or sexually abused a student/patient, the investigation shall proceed from the presumption that the employee's conduct was unwelcome.

biased to acts of sexual harassment should inform the appropriate

CVISPDF – www.fastio.com

RECEIVED JUN - 8 2001

# 107th District Court

## CAMERON COUNTY, TEXAS

## ORDER TRANSFERRING CASES

The undersigned District Judge of the 107th District Court of the State of Texas, sitting in Cameron County, Texas, hereby directs and orders that the pending civil cases listed below, pending in the 107th District Court, be hereby transferred to the 357th District Court, effective on JUNE 5, 2001.

IT IS FURTHER ORDERED that the pending civil cases listed below are hereby transferred to the 357th District Court effective JUNE 5, 2001.

SIGNED FOR ENTRY: JUNE 5, 2001.

| | | |
|---|---|---|
| 1. | 1990-02-689-A | LUIS ERASTO GARZA VS. XOCHITL LLAMAS GARZA |
| 2. | 1991-01-319-A | ROBERT MONROY VS. ETHEL MONRY |
| 3. | 1993-09-3504-A | ALVA NORI MINIEL ARROYO VS. RICHARD ARROYO |
| 4. | 1994-07-3622-A | CHI-YI TSAI VS. USA SHRIMP FARM DEVELOPMENT, INC., ET AL |
| 5. | 1995-04-2080-A | ALEJANDRO EDUARDO GARCIA VS. SONIA GONZALEZ |
| 6. | 1996-06-3430-A | TRICO TECHNOLOGIES CORP. VS. CAST PRODUCTS INC. AND LINCOLN ENGINEERING CO. |
| 7. | 1996-07-3857-A | TERESA LOZANO AOUNALLAH VS. ABDALLAH AOUNALLAH |
| 8. | 1996-08-4162-A | ROSALINDA G. GONZALES AND RAMON GONZALES, JR. |
| 9. | 1996-09-5146-A | JOSEPH P. LINCK, INC. VS. RON BEARD |
| 10. | 1996-11-6944-A | ADALBERTO QUINTERO VS. PINE BLUFF SAND & GRAVEL COMPANY |
| 11. | 1997-03-1089-A | JOSEPH A. ZAVALETTA, SR M.D. VS. JUAN M. WHEELER, JR., ET AL |
| 12. | 1997-04-1577-A | STATE OF TEXAS (MARIA TERESA RAMIREZ) VS JOSE DE JESUS RAMIREZ |
| 13. | 1997-04-1593-A | JUAN ROGELIO RAYA VS. DR. GREGSON EDWARDS |
| 14. | 1997-08-5461-A | BLANCA ESTELLA GARCIA VS. DENNIS PARK, JUAN LOPEZ, ET AL |
| 15. | 1997-09-5902-A | JOSE MIRELES, ET AL VS. WILLIAM E. GRAYSON, INC., ET AL |

16. 1997-10-6458-A     JANET R. WHITE VS. DENNIS MITCHELL, ET AL

17. 1997-11-6920-A     IN THE INTEREST OF MATT DILLON TOSCANO AND KATHERINE V. TOSCANO

18. 1997-11-7164-A     ELIBERTO LUNA YZAGUIRRE VS. BERTHA SALDANA, ET AL

19. 1998-02-716-A      SUNNY SKIES LAND CORP., ET AL VS. APOLINAR GLORES, ET AL

20. 1998-03-1000-A     GREGORIA GONZALEZ VS. LUIS GONZALEZ

21. 1998-03-1278-A     ALAM ELIZABETH VILLARREAL VS. FERNANDO VILLARREAL

22. 1998-04-1619-A     ADVANTAGE CONTRACT SERVICE, INC. VS. BROWNSVILLE PUB

23. 1998-07-2924-A     GAMBINO ACUNA VS. FERNANDO ISRAEL DE LEON, ET AL

24. 1998-08-3361-A     CREDIT LYONNAIS NEW YORK BRANCH VS. JOSE CABALLERO GALVAN, ET AL

25. 1998-12-4700-A     JORGE MARTINEZ VS. ANDRES G. GARCIA

26. 1998-11-4472-A     HOWARD ROBERT JOHNSON, JR. VS. KELLY MARIE JOHNSON

27. 1999-02-690-A      DANIEL JIMENEZ, ET AL VS. AMIN OMAR

28. 1999-03-1359-A     BEVERLY BALLINGER VS. TEX-MART CORP.

29. 1999-04-1568-A     ROSA E PRUENDA VS. LEVI STRAUSS & COMPANY

30. 1999-04-1649-A     TENET HEALTHCARE, LTD D/B/A BMC VS. JESUS A. CAQUIAS, ET AL

31. 1999-04-1796-A     CAROL COLEMAN RANDOLPH VS. DALE CROSBY

32. 1999-04-1967-A     JANIE YBARRA CURIEL VS. DANIEL LUIS CURIEL

33. 1999-05-2145-A     ILIANA PARDO VS. STACY SPINKS AND ROBERT SPINKS

34. 1999-05-2267-A     BARBARA ANN SPARKS VS. HELEN FRANSCINI, ET AL

35. 1999-08-3519-A     CARMEN MARTINEZ CUELLAR VS. REYMONDO JACQUEZ, JR.

36. 1999-06-2739-A     CAMERON COUNTY VS. THELMA GRAY TRUST

37. 1999-07-2868-A     ORACIO F. RAMIREZ VS. PETRA S. RAMIREZ

38. 1999-07-2968-A     PORTALES MOTOR TRUCKING, INC. VS. TEXAS WORKERS COMP. INS. FUND

39. 1999-07-2972-A     RAMIRO CARMONA VS. AMERICAN HOME PRODUCTS CORP., ET AL

40. 1999-07-3067-A     JUAN P. DE LA ROSA, ET AL VS. CHEMCENTRAL CORP., ET AL

41. 1999-07-3248-A     DEANNE MAREIN-ERON, ET AL VS. ANDY BUTCHKO ANTOINETTE, ET AL

42. 1999-08-3391-A     VICTOR KURI, M.D. VS. BARRY HONEYCUTT, ET AL

43. 1999-08-3530-A   JUAN S. VILLARREAL VS. PONCIANO VILLARREAL, ET AL1999-10-4410-A

44. 1999-10-4410-A   RAMIRO RESENDEZ, ET AL VS. TEX MEX TOURS, INC.

45. 1999-11-4833-A   SIFREDO B. MARTINEZ VS. WAL MART STORES, INC.

46. 1999-12-4935-A   THE ESTAE OF IMOGENE BUNN HAFFELE VS. HAROLD MENKE

47. 1999-12-5016-A   DAVID NARANJO, ET AL VS. TENET HEALTHCARE, LTD., ET AL

48. 1999-12-5081-A   JAVIER IPARREA, ET UX VS. ASHLAND OIL, INC., ET AL

49. 1999-12-5171-A   ARTURO MARTINEZ VS. JOSE A. MORALES, ET AL

50. 1999-12-5186-A   NOE RODRIGUEZ VS. BURNELL MARINE & SUPPLY, INC.

51. 1999-12-5215-A   EMILIANO RODRIGUEZ VS. TRANSFER ONE MEDICAL SERV. INC., ET AL

52. 1999-12-5308-A   SANDRA L. PAEZ VS. TEXAS DPET. OF MENTAL HEALTH M.R.

53. 2000-01-10-A   ARNULFO C. OLIVAREZ VS, SHEPARD WALTON KING INS. GROUP, ET AL

54. 2000-01-209-A   CHANCE CROUCH VS. DOLLY VINSANT MEMORIAL HOSP., ET AL

55. 2000-01-273-A   YORK ENTERPRISE, INC. VS. H & J TRUCKING INC.

56. 2000-01-358-A   FRANCISCO SALDANA, ET AL VS. CHEM USA CORP.

57. 2000-01-494-A   PADRE BEACH HOMES, INC. VS. JAMES A. McCARTHY, ET AL

58. 2000-02-836-A   ALEXANDER C. GRAHAM, JR. VS. ANBEL LEASING CORP., ET AL

59. 2000-02-854-A   GENARO MERCADO, ET AL VS. ISLAND CONDO DEV. INC., ET AL

60. 2000-02-921-A   MARIA ALICIA DE LEON AND JACINTO DE LEON

61. 2000-02-614-A   IVAN REYES, ET AL VS. TERESA MORRIS, ET AL

62. 2000-03-1015-A   C. ROBERT GRAHAM VS. DON MEEKER AND MARTHA MEEKER

63. 2000-03-1178-A   SIMON RUBINSKY VS. EUGENE X. MERCIER, ET AL

64. 2000-03-1259-A   MARIA LONGORIA VS. JUANITA CASTILLO, ET AL

65. 2000-04-1501-A   ORALIA PIZANO, ET AL VS. FRANCISCA MANCILLAS, ET AL

66. 2000-04-1603-A   PABLO ELIZONDO, JR. VS. JOHN E. LEWIS

67. 2000-05-1883-A   CRISTINA CISNEROS MARTINEZ VS. TITO ERNESTO RODRIGUEZ

68  2000-05-1884-A   EX PARTE IGNACIO CESAR ALEJANDRO MANZANO

69  2000-05-1891-A   RITA JO WILSON AND JAMES ERVIN WILSON

70. 2000-05-1907-A    KIMBERLY NICOLE DALE VS. R.A.G. ENTERPRISES

71. 2000-05-2070-A    LAURA L. MANCILLAS VS. DOLGENCORP OF TEXAS

72. 2000-05-2120-A    RAUL PAZOS NAVARRO VS. EL COLONEL, INC.

73. 2000-06-2320-A    OCTAVIO CASTANEDA, ET AL VS. THE CAMERON COUNTY BAIL BOND, ET AL

74. 2000-06-2343-A    E. LOPEZ VS. L. LOPEZ

75. 2000-06-2391-A    CELSO MARTINEZ III., ET AL VS. JOAN DOVALE, MD. ET AL

76. 2000-06-2441-A    DEBORAH LOUIS ROBERTS VS. MARK ROBERTS

77. 2000-06-2463-A    FULGENCIO BUITUREIRA, JR. VS. COMMUNITY DEV. CORP. OF BRO., ET AL

78. 2000-06-2483-A    MARCOS ZAVALA VS. LOEWEN GROUP, INC., ET AL

79. 2000-06-2591-A    CARL EUGENE SEXTON, ET AL VS. GREGORY ROWIN, D.O.

80. 2000-06-2632-A    DONALD L. SELKE VS. AUDREY PRESTON CLARK

81. 2000-07-2925-A    NORA RAMOS VS. DAVID D. LAPEYRE

82. 2000-08-3315-A    EVANGELINA VILLARREAL, ET AL VS. WILLIAMS J. ELKINS, M.D.

83. 2000-08-3287-A    BREAKERS CONDO. COUNSEL OF CO-OWNERS VS. THE TOWN OF SOUTH PADRE

84. 2000-08-3504-A    REBECCA PEREZ VS. WALMART STORES AND CHRIS GARZA

85. 2000-08-3519-A    HUMBERTO DAVALOS, ET AL VS. ARMANDO DAVALOS, ET AL

86. 2000-08-3534-A    JAMES NATHAN WHITIS VS. BERT ODGEN HARLINGEN MOTORS, INC.

87. 2000-08-3539-A    PATRICIA YOUNG D/B/A DELUXE ICE CREAM VS. RUBEN S. GARCIA

88. 2000-09-3744-A    KARNE ELIZABETH CARAMILLO, ET AL VS. CAROL KATHRYN LANDRY

89. 2000-09-3761-A    JOHN RUGAART ET AL AND J.J. RODRIGUEZ, ET AL

90. 2000-10-4132-A    EMILIA GARZA DE CASAS VS. RAMONA GARCIA

91. 2000-10-4134-A    RICARDO ALARCON, ET AL VS. CHASE MANHATTAN BANK USA, ET AL

92. 2000-10-4189-A    IN THE INTEREST OF EDWARD CUEVAS, JR. & ERIC CUEVAS

93. 2000-10-4207-A    DAVID ANDERS, ETL VS. GABRIEL VANOUNOU, ET AL

94. 2000-10-4377-A    PAUL C. KAVANAUGH PH.D. VS. BROWNSVILLE COMMUNITY HEALTH CTR.

95. 2000-10-4405-A    CECILIA G. HINOJOSA VS. CAMILINA G. ATKINSON

96. 2000-10-4432-A    MARIA G. FLORES VS. FLEX MAT CORP.

| | | |
|---|---|---|
| 97. | 2000-10-4454-A | JACK N. SUTTER VS. NINFA SANCHEZ, ET AL |
| 98. | 2000-11-4531-A | HOWARD JOSEPH GRAHAM AND BEVERLY RASCO GRAHAM |
| 99. | 2000-11-4661-A | RUSSELL SECHOVEC, ET AL VS. STEFACO S. LOLATO, ET AL |
| 100. | 2000-11-4791-A | KRISTINE L. BURKHART VS. TEXSON TREES, INC.  ET AL |
| 102. | 2000-12-4923-A | GARROD INVESTMENTS, INC. VS. ROBERT SCHKEGEL, ET AL |
| 103. | 2000-12-4971-A | ELIDA PEDRAZA VS. RAUDIN McCORMICK |
| 104. | 2000-12-5005-A | DIONEE ALSINA FORNI VS. MARIO YONI PAREJA NIETO |
| 105. | 2000-12-5048-A | THE STATE OF TEXAS VS. LORENZO ELIZARRARAZ |
| 106. | 2000-12-5064-A | VALLEY BAPTIST VS. WILLIAM OTTO SMITH, ET AL |
| 107. | 2000-12-5090-A | AMERICAN EXPRESS CENTURON BANK VS. PAUL G. HAJJAR |
| 108. | 2000-12-5092-A | LISA GONZALEZ CAVAZOS, VS. CHARLES F. MILD, M.D. |
| 109. | 2000-12-5137-A | VALLEY REGIONAL MED. CTR. VS. BRENT COLEMAN, D.O. |
| 110. | 2001-01-74-A | EMELIA ESTRADA DE BRISENO VS. ROBERT BLACK |
| 111. | 2001-01-124-A | BARBARA MARTINEZ, ET AL VS. N.A.H.C. OF TEXAS INC., ET AL |
| 112. | 2001-01-156-A | A.J. CREDIT CORP. VS. DOUGLAS A. CHRISTIE, ET AL |
| 113. | 2000-09-3632-A | ROQUE LEAL, SR. VS. SAN JUANITA LEAL |
| 114. | 2001-01-261-A | TRANSPORTATION SERVICES, INC.  VS. TRICO TECH. CORP. |
| 115. | 2001-01-379-A | ROBERTA M. LUDERMILK VS. LYNDA McKINNEY, ET AL |
| 116. | 2001-01-437-A | LOUIS S. ROUSSETT, JR VS. MICHAEL E. ROUSSETT, ET AL |
| 117. | 2001-01-475-A | DANIEL E. CRUZ ET AL VS. CITY OF COMBES, ET AL |
| 118. | 2001-01-560-A | ALBERTO RENDON VS. McCARTHY BUILDING COMPANIES |
| 119. | 2001-02-628-A | MAGIC VALLEY CONCRETE, LTD. VS. MUSE LIMITED, INC. |
| 120. | 2001-02-643-A | MARIA DEL SOCORRO VILLANUEVA VARELA VS. CRONIA E. GARCIA |
| 121. | 2001-02-688-A | CARLOS DAVILA, ET AL VS. BALLENGER CONSTRUCTION CO. |
| 122. | 2001-02-738-A | ROBERTO C. BECERRA VS. ROSARIO HERNANDEZ CARR, ET AL |
| 123. | 2001-02-750-A | NOVOPHARM HOLDINGS, INC., ET AL VS. LICTY INT. CANADA, ET AL |
| 124. | 2001-02-938-A | JOHN A. WELLS, M.D. VS. REGINALD BERRY, ET AL |

| 125. | 2000-06-2342-A | TERESA PEREZ, ET AL VS.  KATHRYN SCHEOPNER MALONE |
|------|----------------|---------------------------------------------------|
| 126. | 2001-02-986-A  | NORBERTO RAMIREZ VS. AURELIO REYNA |
| 127. | 2001-02-994-A  | HERLINDA G. RIVERA VS. BURGER KING. CORP. |
| 128. | 2001-03-1065-A | JOEL VARGAS, ET AL VS. J.R.C. TRANS, INC. |
| 129. | 2001-03-1107-A | ENRIQUE ESCOBEDO, ET AL VS. ELEAZAR ESCOBEDO, ET AL |
| 130. | 2001-03-1136-A | MATTHEW McCARTHY ET AL VS. DAVID SMITH, ET AL |
| 131. | 2001-03-1165-A | KENNETH P. STOLAR VS. KNAPP CHEVROLET HARLINGEN, INC. |
| 132. | 2001-03-1202-A | MARGORIE GIBNEY VS. BRO. MED. CTR AND SPANISH MEADOWS |
| 133. | 2001-03-1216-A | CONSTANTINO RODRIGUEZ VS. JUAN M. VALEDEZ, ET AL |
| 134. | 2001-03-1270-A | DAVID CAZARES VS. AMIGO SHRIMP CO., ET AL |
| 135. | 2001-03-1326-A | SYLVIA LOPEZ GOMEZ, ET AL VS. ARMANDO RODRIGUEZ, ET AL |
| 136. | 2001-03-1401-A | JOE AND CAROL KILIAN VS. DON DOLGLAZIER, ET AL |
| 137. | 2001-03-1428-A | JUAN A. RIOS, ET AL VS. FRANCISCO GALVAN |
| 138. | 2001-03-1500-A | JOHNSON BROTHERS CONSTRUCTION VS. LARRY BEAKEY, ET AL |
| 139. | 2001-03-1532-A | VESTA COUNTY MUTUAL INS. CO. VS. MARIA D. TRONCOSO, ET AL |
| 140. | 2001-04-1660-A | BROWNSVILLE SUNRISE DEV. VS. CARLOS DE AJURIA |
| 141. | 2001-04-1747-A | JESUS M. BECERRA VS. DONADL JOSEPH MADDEN |
| 142. | 1999-02-951-A  | EARLYNN BEDFORD VS. WILLIAM ALLEN BEDFORD |
| 143. | 2001-01-516-A  | BEDFORD CHILDREN ADOPTION |

_____
Judge Presiding

6/5/01
COPIES TO:
ALL ATTORNEYS OF RECORD
ON ALL THE ABOVE CASES/E.SALAS

JUN 5 2001

JUN.15.2001  1:30PM   RODRIGUEZ, COLVIN & CHANEY, LLP                    NO.1032   P. 1

RUN DATE 06/15/01
RUN TIME 1:22 PM

## CERTIFIED COPY

\* \* \*  C L E R K ' S   E N T R I E S  \* \* \*

PAGE: C

2000-10-004377-

[\*]                [2]

PAUL CAMERON KAVANAUGH, PH.D.

    VS

BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION

60441101
PAUL C. KAHAVAUGH
3744 BOCA CHICA BLVD. 100-D
BROWNSVILLE, TEXAS    78521 0000

0046601
RAYMOND A. COWLEY
4900 NORTH 10TH BLDG . A-2
MCALLEN TEXAS    78504 0000

(10)                                    10    25    C

DAMAGES

| | |
|---|---|
| 10/25/00 | ORIGINAL PETIT. PETITION FILED BROWNSVILLE COMMUNITY HEALTH |
| 11/09/00 | CITATION: BROWNSVILLE COMMUNITY HEALTH CLINIC CORP |
| | SERVED: 01/   FILED: 01/26/0 |
| 01/26/01 | ORIGINAL ANSWER: BROWNSVILLE COMMUNITY HEALTH CLINIC |
| 02/08/01 | DEF'T'S CERTIFICATE OF WRITTEN DISCOVERY /ESALAS |
| 02/08/01 | MOTION TO WITHDRAW AND FOR SUBSTITUTION O OF COUNSEL/GMEDRANO |
| 04/25/01 | ATTORNEY WITHDRAWN: HON. RICARDO M. ADOBARTI |
| 04/26/01 | SUBSTITUTED TED WITH: RAYMOND A. COWLEY |
| 04/26/01 | MTN FOR SUMMARY JUDGMENT /ESALAS |
| 05/18/01 | TRANSFERRED FROM THE 107th COURT |
| 06/05/01 | PL'S RESPONSE USE IN OPPOSITION TO DF'S |
| 06/06/01 | MTN FOR SUMMARY JUDGMENT/EC |
| 06/10/01 | PLAINTIFF'S AM AMENDED PETITION-FIRST [RST/ECORTEZ |

04/26/01   HON. RICARDO M. ADOBATTI IS HEREBY ALLOWED TO WITHDRAW AND HON.
04/26/01   RAYMOND A. COWLEY SUBSTITUTE FOR DEFT AS PER ORDER SIGNED
04/26/01   ENTRY. BEJR/GM
05/22/01   ORDER SETTING HEARING DATE ON MTN FOR SUMMARY JUDGMENT SET ON
05/22/01   6/14/01 AT 8:30 A.M. MLOPEZ/ESALAS
06/14/01   Both sides present; Summary Judgment MOOT..BEJR/eeo



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CLINIC CORPORATION, D/B/A | § | |
| BRONWSIVLLE COMMUNITY HEALTH | § | |
| CENTER | § | |
|     Defendants | § | |

## LIST OF COUNSEL AND PARTIES

### COUNSEL FOR PLAINTIFF:

Paul Cameron Kavanaugh, Pro Se
3744 Boca Chica, Bldg. 100-D
Brownsville, Texas 78521
Telephone: (214) 542-7866


### COUNSEL FOR DEFENDANTS:

Brownsville Community Health Center

Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 North Tenth Street, Bldg. A2
McAllen, Texas  78504
Telephone: (956) 686-1287
Telefax:  (956) 686-6197

-1-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PAUL CAMERON KAVANAUGH,          §
     Plaintiff                               §
                                               §
VS.                                                §          CIVIL ACTION NO. _B-01-104_
                                               §
BROWNSVILLE COMMUNITY HEALTH §
CLINIC CORPORATION, D/B/A          §
BRONWSIVLLE COMMUNITY HEALTH §
CENTER                                             §
     Defendants                             §

_____

# I N D E X

_____

1.    Notice of Removal

2.    Civil Cover Sheet

3.    Citation

4.    Plaintiff's Original Petition

5.    Defendant's Original Answer

6.    Defendant's Certificate of Written Discovery

7.    Motion and Order to Withdraw and for Substitution of Counsel

8.    Defendant's Motion for Summary Judgment and Order Setting Hearing Date

9.    Plaintiff's Response In Opposition to Defendant's Motion for Summary Judgment

10.    Plaintiff's Amended Petition - First

11.    Order Transferring Cases

12.    Civil Docket Sheet - State Court

13.    List of Counsel of Record