IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH,<br>Plaintiff | § § § § | |
| VS. | § | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH<br>CLINIC CORPORATION, D/B/A<br>BROWNSVILLE COMMUNITY HEALTH<br>CENTER<br>Defendant | § § § § § § § | JURY TRIAL DEMANDED |

## DEFENDANT'S FIRST AMENDED ANSWER

BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, Defendant, answers the Plaintiff's Amended Petition - First, hereinafter referred to as "Amended Complaint," as follows:

1. Insofar as a responsive pleading is permitted or required, the Defendant admits to paragraph 1 of the Amended Complaint, only insofar as the Plaintiff alleges a claim of wrongful termination and seeks protection of rights under the Constitution of the State of Texas, and also asserts common law causes of action, and further that the Plaintiff has filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission (EEOC) and that the EEOC is now investigating the charge, and that the Plaintiff seeks discovery under the Control Plan Level 2 and further demands a jury, but the Defendant denies any wrongdoing or liability, and otherwise denies the allegations set forth therein.

2. The Defendant admits to the allegations set forth in paragraph 2 of the Amended Complaint, only insofar as the Plaintiff seeks remedies and damages within the jurisdiction of this Court and further that the administrative process has not been completed and the EEOC has not issued a notice of right to sue, and further that the Plaintiff intends to assert federal claims herein when permitted to do so, but denies that the Plaintiff is entitled to any relief whatsoever and otherwise denies the allegations set forth therein.

-1-

3. The Defendant, on information and belief, admits to the allegations set forth in paragraph 3 of the Amended Complaint.

4. The Defendant admits to the allegations set forth in 4 paragraph of the Amended Complaint, only insofar as the Defendant does business as Brownsville Community Health Center, and is a non-profit corporation doing business in Cameron County, Texas and further that the Defendant has appeared and answered herein, and that the Defendant may receive governmental funds, and that the Defendant serves the public, but the Defendant otherwise denies any and all allegations set forth therein.

5. The Defendant admits to the allegations set forth in paragraph 5 of the Amended Complaint, only insofar as the Plaintiff alleges discriminatory or illegal conduct, but the Defendant denies that such discrimination or illegal acts occurred, and otherwise denies any and all allegations set forth therein.

6. The Defendant admits to the allegations set forth in paragraph 6 of the Amended Complaint, only insofar as the Plaintiff was employed by the Defendant from November, 1998 until his employment terminated on or about July 26, 2000, and otherwise denies the allegations set forth therein.

7. The Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Amended Complaint relating to conduct allegedly engaged in by the Plaintiff, and all such allegations are therefore denied; and the Defendant otherwise denies the allegations set forth therein.

8. The Defendant admits to the allegations set forth in paragraph 8 of the Amended Complaint, only insofar as the Plaintiff wrote various memos to his supervisors, but otherwise denies any and all allegations set forth therein.

9. The Defendant admits to the allegations set forth in paragraph 9 of the Amended Complaint, only insofar as the Plaintiff reported various matters to his superiors, but otherwise denies any and all allegations set forth therein.

10. The Defendant admits to the allegations set forth in paragraph 10 of the Amended Complaint, only insofar as management informed the Plaintiff of problems, including problems communicating with employees, but the Defendant otherwise denies the allegations set forth therein.

11. The Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint.

12. The Defendant admits to the allegations set forth in paragraph 12 of the Amended Complaint, only insofar as the Plaintiff was given written warnings for problems with his conduct and performance, and otherwise denies the allegations set forth therein.

13. The Defendant admits to the allegations set forth in paragraph 13 of the Amended Complaint, only insofar as the Plaintiff was placed on disciplinary probation, but otherwise denies the allegations set forth therein.

14. The Defendant denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. The Defendant admits to the allegations set forth in paragraph 15 of the Amended Complaint, only insofar as the Defendant, on or about July 26, 2000, advised the Plaintiff of the termination of his employment and that the Plaintiff thereafter in writing complained of his dismissal, but the Defendant otherwise denies any and all allegations set forth therein.

16. The Defendant admits to the allegations set forth in paragraph 16 of the Amended Complaint, only insofar as the Plaintiff was allowed on or about August 16, 2000 to address the Board of Directors, and that the Plaintiff thereafter was notified that his termination would stand, but the Defendant otherwise denies any and all allegations set forth therein.

17. The Defendant admits to the allegations set forth in paragraph 17 of the Amended Complaint, only insofar as Mexican-Americans, or persons otherwise regarded as Hispanic, hold positions in management, and that the person hired to replace the Plaintiff was Hispanic and younger than the Plaintiff, and that Hispanic employees, as well as other employees, are permitted

to offer constructive criticism without penalty, and otherwise denies any and all allegations set forth therein.

18. The Defendant admits to the allegations set forth in paragraph 18 of the Amended Complaint, only insofar as the administrative remedies made available under federal law have not been exhausted, but the Defendant denies any discrimination and otherwise denies any and all allegations set forth therein.

19. The Defendant admits to the allegations set forth in paragraph 19 of the Amended Complaint, only insofar as the Defendant represents itself as obeying and does obey and enforce federal anti-discrimination statutes and guidelines, but the Defendant denies that its policy and practice of compliance with federal law created any contract or quasi contract with the Plaintiff as alleged, and otherwise denies any and all allegations set forth therein.

20. The Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 20 of the Amended Complaint, insofar as it is alleged that the Defendant's representations to the Plaintiff caused the Plaintiff to decline seeking other employment, as alleged, and therefore all such allegations are denied; but the Defendant denies the discrimination alleged and otherwise denies any and all allegations set forth therein.

21. Insofar as a responsive pleading is permitted or required, the Defendant admits to the allegations set forth in paragraph 21 of the Amended Complaint, only insofar as the Plaintiff intends to assert federal claims when permitted to do so, and thus has invoked the removal jurisdiction to this Court, but the Defendant denies the Plaintiff's right to recover under either federal or state law, and otherwise denies any and all allegations set forth therein.

22. The Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Insofar as a responsive pleading is permitted or required, the Defendant denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. The Defendant denies the allegations set forth in the paragraphs mis-numbered as 26 and 26, found on pages 8 and 9 of the Complaint, and further denies the allegations set forth in

paragraphs 27, 28, 29, 30, 31 and 32 of the Amended Complaint, and further denies that the Plaintiff is entitled to any of the relief sought on his Prayer for Relief.

25. Any and all allegations set forth in the Amended Complaint which have not heretofore been admitted to or denied are denied.

26. The Plaintiff has failed to set forth claims for which relief may be granted.

27. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has not fulfilled the conditions precedent to bringing his claims.

28. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to exhaust the administrative remedies necessary for bringing his claims.

29. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant is a subscriber to workers' compensation insurance, notice of its subscriber status was given to its employees in the manner required by law, the Plaintiff did not timely and in writing reject such coverage, and the Plaintiff's claims therefore are barred by the exclusivity provision of the Texas Workers' Compensation Act.

30. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's common law claims are subsumed by his statutory claims of employment discrimination and cannot be brought separately.

31. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's employment was terminated for legitimate and non-discriminatory reasons, for which the Defendant cannot be liable.

32. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to mitigate his damages, and the Defendant is entitled, in any event, to an offset for all amounts which the Plaintiff has earned or received, or in the exercise of reasonable diligence should have earned or received, since the date on which his employment terminated.

33. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff was employed at will, and his employment therefore could be terminated at any time, with or without cause.

34. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's claims are barred by lack of state action.

35. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant is not liable in the capacity in which sued.

WHEREFORE, PREMISES CONSIDERED, Brownsville Community Health Clinic Corporation, d/b/a Brownsville Community Health Center, Defendant, having answered, prays that the Plaintiff take nothing on his claims, and that the Defendant be allowed to go hence with its costs, and for general relief.

Respectfully submitted,

_____
Raymond A. Cowley
Federal ID No. 8642
State Bar No. 04932400
4900 N. 10th Street, Ste. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telecopier: (956) 686-6197

Teri L. Danish
Federal ID No.12862
State Bar No. 05375320
1201 E. Van Buren
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170

ATTORNEYS FOR DEFENDANT
BROWNSVILLE COMMUNITY HEALTH
CLINIC CORPORATION d/b/a
BROWNSVILLE COMMUNITY HEALTH
CENTER

OF COUNSEL:

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to the following counsel of record, on the 25th day of June, 2001.

Paul Cameron Kavanaugh, Pro Se
3744 Boca Chica, Bldg. 100-D
Brownsville, Texas 78521

Teri L. Danish