United States District Court
Southern District of Texas
FILED

AUG 0 7 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, § | | |
| Plaintiff § | | |
| § | | |
| VS. § | CIVIL ACTION NO. B-01-104 | |
| § | | |
| BROWNSVILLE COMMUNITY HEALTH § | | |
| CLINIC CORPORATION, D/B/A § | JURY TRIAL DEMANDED | |
| BROWNSVILLE COMMUNITY HEALTH § | | |
| CENTER § | | |
| Defendant § | | |

## PLAINTIFF'S AND DEFENDANT'S
## JOINT DISCOVERY/CASE MANAGEMENT PLAN

PAUL CAMERON KAVANAUGH, Plaintiff, and BROWNSVILLE COMMUNITY HEALTH CLINIC COPRATION, DBA BROWNSVILLE COMMUNITY HEALTH CENTER, Defendant, in the above-referenced action, file this their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

   The meeting took place by telephone and by exchange of drafts, commencing on July 24, 2001.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are none.

3. Briefly describe what this case is about.

   The Plaintiff asserts claims under Civil Rights Act of 1964 and 1991 as amended, and the Age Discrimination in Employment Act (ADEA), alleging claims of discrimination based on Race/Ethnicity ("white"), gender (male), retaliation and age (over 40).

4. Specify the allegation of federal jurisdiction.

Defendant contends removal was proper pursuant to 28 U.S.C. §§1331 and 1441(b). Plaintiff denies removal was proper at the time Defendant removed the case. However, Plaintiff contends that removal is proper, as conditions precedent to Plaintiff's Title VII claims are complete.

5. Name the parties who disagree and the reasons.

The parties are in agreement that jurisdiction is now proper in this Court.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiff will file a motion for leave to amend to add claims based on 42 U.S.C. §1981 and to add Paula Gomez, Defendant's Executive Director, as a party Defendant.

7. List anticipated interventions.

There presently are none.

8. Describe class-action issues.

There are none.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Initial disclosures will be exchanged within twenty (20) days following the initial pre-trial conference.

10. Describe the proposed agreed discovery plan, including:

    A) Responses to all the matters raised in Rule 26(f).

        (a) Rule 26(f)(1) - See response to Number 9.

        (b) Rule 26 (f)(2) - Plaintiff and Defendant will conduct discovery based upon claims made and defenses asserted in this lawsuit. The parties anticipate discovery will be completed by January 31, 2002.

        (c) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

        (d) Rule 26(f)(4) - None known at this time.

B)     When and to whom the Plaintiff anticipates it may send interrogatories.

        The Plaintiff will propound interrogatories to the Defendant prior to September 30, 2001.

C)     When and to whom the Defendant anticipates they may send interrogatories.

        The Defendant anticipates sending written interrogatories to the Plaintiff by September 30, 2001. Plaintiff contends that Defendant has previously sent discovery to Plaintiff in the state court action which has been answered.

D)     Of whom and by when the Plaintiff anticipates taking oral depositions.

        The Plaintiff anticipates taking the deposition of various representative(s) of the Defendant prior to the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

E)     Of whom and by when the defendant anticipates taking oral depositions.

        The Defendant anticipates taking the oral deposition of the Plaintiff, and possibly others named as having knowledge of relevant facts. Such shall be completed by the discovery deadline or after the discovery deadline by agreement of both parties or order of this Court.

F)     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        The Plaintiff will identify experts and provide their reports at least 45 days prior to the discovery deadline. The Defendants will identify experts and provide their rebuttal reports as least 30 days prior to the discovery deadline.

G)     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        The Plaintiffs will take depositions of designated experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

H)     List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

>   The Defendant will take depositions of designated experts by the discovery deadline, or after the discovery deadline by agreement of both parties and order of this Court.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    The parties are in agreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    There has been none.

13. State the date the planned discovery can reasonably be completed.

    January 31, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Parties will consider mediation at an early stage of the litigation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Discussions relative to an early mediation are underway.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    An early mediation may be considered.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties initially are favorable to proceeding before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    A jury was demanded in state court prior to removal and again by Plaintiff within ten days after removal to federal court.

19. Specify the number of hours it will take to present the evidence in this case.

The parties estimate a trial taking 36 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are none. Plaintiff will soon file a motion for leave to amend.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are none.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing original and any amendments.

    Such disclosure was made by the Defendant.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Francisco J. Zabarte
    Sanchez, Whittington, Janis & Zabarte, LLP
    100 North Expressway 83
    Brownsville, Texas 78521-2284
    Telephone: (956) 546-3731
    Facsimile: (956) 546-3766
    State Bar No. 22235300
    Attorney-In-Charge for Plaintiff

    David Horton
    Neel & Horton
    P.O. Box 2159
    South Padre Island, Texas 78597
    Telephone: (956) 761-6644
    Facsimile: (956) 761-7424
    State Bar No. 10014500
    Attorney for Plaintiff

Raymond A. Cowley
Rodriguez, Colvin & Chaney, L.L.P.
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Facsimile : (956) 686-6197
Fed. No. 8642
State Bar No. 04932400
Attorney-In-Charge for Defendant

        Respectfully submitted,

*[signature: Raymond A. Cowley]*

Raymond A. Cowley
State Bar I.D. No. 04932400

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

ATTORNEY FOR DEFENDANT

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

*[signature: Francisco J. Zabarte, with permission Raymond A. Cowley]*

Mr. Francisco J. Zabarte
State Bar No. 22235300

100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Telefax: (956) 546-3766

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, LLP**

AND

Mr. David Horton
State Bar No. 10014500
P.O. Box 2159
South Padre Island, Texas 78597
Telephone: (956) 761-6644
Telefax: (956) 761-7424

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

**NEEL & HORTON**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record, by certified mail, return receipt requested on the ___6___ day of __August__, 2001.

Mr. Francisco J. Zabarte
Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521-2284

Mr. David Horton
Neel & Horton
P.O. Box 2159
South Padre Island, Texas 78597

_____
Raymond A. Cowley

ClibPDF - www.fastio.com