013

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

**SEP 2 6 2001**

**Michael N. Milby, Clerk of Court**

PAUL CAMERON KAVANAUGH, Ph.D.,  §
      Plaintiff;  §
               §
VS.  §
               §     C. A. No. B-01-104
               §
BROWNSVILLE COMMUNITY HEALTH  §
CLINIC CORPORATION, d/b/a  §
BROWNSVILLE COMMUNITY HEALTH  §
CENTER,  §
      Defendant.  §

------------------------------------------------------------

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT – FIRST**
Pursuant to Rule 15 – Federal Rules of Civil Procedure

------------------------------------------------------------

1.    COMES NOW, PLAINTIFF PAUL CAMERON KAVANAUGH, Ph.D., and pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves the court for an order granting him leave to amend pplainitff's current complaint, and to file *PLAINTIFF'S AMENDED COMPLAINT – SECOND*, attached as Exhibit A. In support of this motion plaintiff submits for the court's consideration such matters as stated below.

2.    This case was filed in state district court alleging only causes of action and claims under state law. Plaintiff amended the petition in state court before defendant removed this case to federal court. After filing suit plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"). Removal was based on plaintiff's statement that plaintiff intended to assert federal

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT – FIRST      1

claims upon completion of jurisdictional conditions precedent. Plaintiff has received a Notice of Right to Sue from the Commission, which is attached to the proposed amended complaint as complaint Exhibit C.

3.   Plaintiff in the amended complaint asserts federal claims under the Constitution of the United States, 42 U.S.C. §§ 1981 and 1983; Title VII of the Civil Rights Acts of 1964 and 1991, As Amended; and the Age Discrimination in Employment Act.  The state causes of action and claims as alleged in the first amended petition are asserted as pendent claims in the proposed second amended complaint.

4.   WHEREFORE, premises considered, Plaintiff prays the court grant this motion and order such relief as includes that stated below.

5.   ORDER that plaintiff be given leave to amend plaintiff's complaint.

6.   ORDER that the proposed amended complaint attahched as Exhinbit A to this motion be deemed filed as of the date this motion is filed.

7.   ORDER such other and further relief as the Court deems proper and just.

Respectfully submitted,

*David Horton*

Francisco Zabarte
SBOT No. 22235300
SANCHEZ,WHITTINGTON,JANIS, & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
956.546.3731 telephone
956.546.3766 telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Attorneys for Plaintiff
Paul C. Kavanaugh, Ph. D.

------------------------------------------------------------------

## CERTIFICATE OF CONFERENCE

I conferred with, Mr. Ray Cowley, opposing counsel, prior to filing this motion, and regarding the disposition of this motion, advise the Clerk that defendant DOES NOT OPPOSE this motion.

*David Horton*

David Horton

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Raymond Cowley
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 North Tenth Street
McAllen, TX 78504
956.686.1287 Telephone
956.686.6197 Telecopier, by means of First Class Mail,

on Tuesday, September 25, 2001.

*David Horton*

David Horton

PLAINTIFF'S AMENDED COMPLAINT - FIRST                                3

015

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, Ph.D., | § | |
| Plaintiff; | § | |
| | § | |
| VS. | § | |
| | § | C. A. No. B-01-104 |
| | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CLINIC CORPORATION, d/b/a | § | |
| BROWNSVILLE COMMUNITY HEALTH | § | |
| CENTER, | § | |
| Defendant. | § | |

--------------------------------------------------------------
PLAINTIFF'S AMENDED COMPLAINT - SECOND
--------------------------------------------------------------

## I   INTRODUCTION

1.   COMES NOW PLAINTIFF PAUL CAMERON KAVANAUGH, Ph.D., complaining of Defendant BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION d/b/a BROWNSVILLE COMMUNITY HEALTH CENTER, his former employer.  Plaintiff demands a jury in this employment case based on the wrongful termination of plaintiff's employment.  Plaintiff asserts claims under the constitutions of the United States of American and the State of Texas, claims under federal statutes including 42 U.S.C. §§ 1981 and 1983; Title VII of the Civil Rights Acts of 1964 and 1991, As Amended; and the Age Discrimination in Employment Act; and plaintiff also asserts state common law causes of action as pendent claims. Copies of Exhibits A, B, and D from the first amended petition are attached, and the EEOC Notice of Right to Sue is attached as Exhibit C.

PLAINTIFF'S AMENDED COMPLAINT - SECOND

1



EXHIBIT
A

CVISPDF - www.fesko.com

## II    JURISDICTION

2.    This court has jurisdiction over both the parties and the subject matter.

## III    PARTIES

3.    Plaintiff PAUL CAMERON KAVANAUGH ("plaintiff" or by name) is an individual residing in Cameron County, Texas.

4.    Defendant, BROWNSVILLE COMMUNITY HEALTH CENTER, is an assumed name for BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION ("defendant," "clinic," "employer," or by name), a nonprofit organization doing business in Cameron County, Texas.  Defendant has appeared and answered herein.  The defendant clinic is funded by public money by the local, state and federal governments.  The defendant clinic is open to the public, is a public accommodation, and is a *de facto* agency of the City of Brownsville.

## IV    STATEMENT OF THE CASE

5.    This case is based on a series of illegal and discriminatory occurrences that happened at the Brownsville Community Health Center in Cameron County, Texas within the applicable limitations periods.

6.    Plaintiff was employed with the Brownsville Community Health Center as director of Youth Health Services from November, 1998 until his unlawful termination on July 27, 2000.

7.    Beginning in the spring of 1999, the Plaintiff began reporting violations of law to the Texas Department of Health and

PLAINTIFF'S AMENDED COMPLAINT - SECOND                                    2

other management officials.  Specifically, the Plaintiff told the Texas Department of Health auditor that there were problems and complaints about misappropriation of monies to the Campus Care Centers. The auditor issued a report stating that income for the Campus Care Centers should be divided into three separate accounts so that monies could be properly accounted for.

8.  After the auditor's report, Plaintiff realized that the Brownsville Community Health Center had not complied with the auditor's request and wrote memos to his department supervisors stating his concerns.  Later, Plaintiff spoke to the Texas Department of Health and complained of similar problems and concerns of continued misappropriations concerning the Campus Care Centers.

9.  Plaintiff also reported these matters to various supervisors at the Brownsville Community Health Center. Plaintiff's supervisors and the executive director, Paula Gomez, resisted disclosure of financial records of the Campus Care Centers to authorized agencies pursuant to proper requests. Based on such conduct, plaintiff concluded  his supervisors and the executive director, Paula Gomez, did not appropriately respond to his concerns.

10.  At about the time that Plaintiff began to voice his complaints with regard to misappropriation, defendant's management began to tell plaintiff that he had problems "communicating with

PLAINTIFF'S AMENDED COMPLAINT - SECOND                              3

employees." Management had not previously told Plaintiff he had any job-related problems.

11. At the time plaintiff voiced his concerns regarding use and possible misuse of public money, many changes were occurring at the Campus Care Centers. Employees had concerns and problems not related to Plaintiff. The project assistant of the Campus Care Centers informed Plaintiff that she could not resolve communication problems between employees. She asked Plaintiff to intervene and Plaintiff complied.

12. In early March 2000, Plaintiff's immediate supervisor gave plaintiff a written complaint regarding "communication problems with employees." This was the first written warning plaintiff had received. Whatever Plaintiff would do to alleviate any dissension among employees was futile, and unsupported or ignored by his supervisors.

13. Plaintiff was eventually placed on disciplinary probation because of said "allegations," even though the Brownsville Community Health Center received national recognition for the work of the Campus Care Centers while Plaintiff was their director. Plaintiff avers that Defendant's allegations of communication problems were only a pretext to terminate Plaintiff for reasons alleged to be unlawful herein.

14. Defendant's illegal discrimination against Plaintiff was in part retaliation for plaintiff's good faith reporting of a

PLAINTIFF'S AMENDED COMPLAINT - SECOND                                    4

CilAPDF - www.fastio.com

violation of the law by defendant to an appropriate law enforcement authority. Plaintiff's right to voice concern over such matter of public importance is protected Free Speech under the federal and state constitutions.

15. Plaintiff alleges that defendant's allegations regarding "communication problems with employees" were simply a pretext used to terminate plaintiff. On July 27, 2000, defendant advised plaintiff of the termination of his employment. Plaintiff immediately responded in writing stating that the termination was wrong and that he would challenge same. On July 28, 2000, plaintiff requested the matter be presented to the clinic's Board of Directors.

16. Upon being advised that defendant would terminate him, plaintiff opposed defendant's conduct toward him both orally and in writing. Thus, plaintiff asserted his rights under the applicable federal statutes by opposing a practice made unlawful under thereunder. Thereafter the Board of Directors conducted a hearing on August 16, 2000. On or about September 5, 2000 defendant advised plaintiff that his termination was final.

17. Mexican-Americans, or persons of otherwise Hispanic origin, predominate in management, and hold the key decision making positions. Plaintiff was the only male management employee who was not Mexican-American, or otherwise of Hispanic origin. Mexican-American, or persons otherwise of Hispanic origin, who were

management employees  and who offered constructive criticism of administrative matters, were not similarly treated.  Plaintiff was replaced by a younger Mexican-American male (Alix Flores), in his late 20's or 30's.

18.  Defendant's  conduct  challenged  herein  constitutes discrimination against plaintiff for reasons including plaintiff's race/ethnicity ("white"), his gender (male), his age (over 40), because plaintiff opposed a practice made unlawful under applicable statutes (Retaliation), and his assertion of his right to Free Speech under the state and federal constitutions.

19.  It is, and  at times relevant was, defendant's official policy, and defendant affirmatively represented to plaintiff that defendant  would  "employ ... practices designed to ensure ... equal employment opportunity without regard to race, color, age, religion, sex, or national origin." (Exhibit D- personnel policies and procedures manual; April 2000). Defendant further represented to plaintiff that defendant would "[f]ollow all federal, state and local laws regarding the employment relationship, including all laws regarding nondiscrimination with respect to race, national origin, citizenship, color, religion, gender, age (over 40), or disability ...."  (Exhibit D- personnel policies and procedures manual; April 2000).  Pursuant to such policy and conduct, a contract or *quasi* contract existed between plaintiff and defendant regarding such matters.  Defendant's actions against plaintiff

violated this contract or *quasi* contract.

20.  Plaintiff relied on defendant's representation to him as stated above, by among other things, declining to seek other employment.  In violation of defendant's stated policy, defendant discriminated against plaintiff in terms and conditions of employment based on race/ethnicity ("white"), his gender (male), his age, and because plaintiff opposed a practice made unlawful under applicable statutes (Retaliation).  As the result of defendant's conduct, plaintiff has sustained loss of income.

## V     MISCELLANEOUS

21.  On or about April 26, 2001 plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (Exhibit A). On June 29, 2001 the EEOC issued a Notice of Right to Sue (Exhibit C), and plaintiff timely asserted his rights based on such charge herein.

## VI     DAMAGES

22.  As a result of the incidents described above, Plaintiff has suffered mental pain and anguish.  In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future.  Plaintiff sustained loss of earnings, and a loss of earnings capacity, and in all reasonable probability, this incapacity will continue long into the future.

## VI     PRAYER

23.  WHEREFORE, premises considered, Plaintiff prays the court

PLAINTIFF'S AMENDED COMPLAINT - SECOND                              7

upon final hearing enter judgement for plaintiff and order such relief as includes that stated below.

24.   ORDER that upon final trial, Plaintiff recover judgement against Defendant for Plaintiff's damages, including actual, liquidated, compensatory and punitive.

25.   ORDER that defendant pay plaintiff prejudgment interest as allowed by law.

26.   ORDER that defendant pay plaintiff interest on said judgment at the legal rate from date of judgment.

27.   ORDER that defendant pay plaintiff reasonable attorney's fees and costs.

28.   ORDER that defendant not retaliate against plaintiff.

29.   ORDER such other and further relief as the Court deems proper and just.

Respectfully submitted,

*David Horton*

Francisco Zabarte
SBOT No. 22235300
SANCHEZ,WHITTINGTON,JANIS, & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
956.546.3731 telephone
956.546.3766 telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 Telephone
956.761.7424 Telecopier

Attorneys for Plaintiff
Paul C. Kavanaugh, Ph. D.

---

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Raymond Cowley
SBOT No. 04932400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 North Tenth Street
McAllen, TX 78504
956.686.1287 Telephone
956.686.6197 Telecopier
Attorney for Defendant,

by means of First Class Mail, on September 25, 2001.

*David Horton*

David Horton

004

Before The
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio District Office
and the
State of Texas
TEXAS COMMISSION ON HUMAN RIGHTS

------------------------------------------------------------

| | |
|---|---|
| PAUL KAVANAUGH, Ph. D., | § |
| | § |
| Charging Party, | § |
| | § |
| Vs. | § EEOC Charge No. _____ |
| | § TCHR Complaint No. _____ |
| | § |
| BROWNSVILLE COMMUNITY HEALTH | § |
| CLINIC CORPORATION, | § |
| d/b/a | § |
| BROWNSVILLE COMMUNITY | § |
| HEALTH CENTER; | § |
| | § |
| Respondent. | § |

------------------------------------------------------------

CHARGE OF EMPLOYMENT DISCRIMINATION
Pursuant to Title VII of the
Civil Rights Acts of 1964 and 1991, As Amended; and the
Age Discrimination in Employment Act

------------------------------------------------------------

## I    INTRODUCTION

1.    Comes now Paul Kavanaugh, Ph. D., Charging Party, and files this charge of employment discrimination against the Brownsville Community Health Clinic Corporation d/b/a Brownsville Community Health Center, Defendant, his former employer. Charging Party alleges the Respondent violated Title VII of the Civil Rights Acts of 1964 and 1991, the Age Discrimination in Employment Act, and such similar section of the Texas Labor Code by discriminating against him based on race/ethnicity ("white"), gender (male), and because he opposed a practice made unlawful under the Acts ("Retaliation"), in ways including terminating his employment on or

CHARGE OF EMPLOYMENT DISCRIMINATION                    1



EXHIBIT
A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## San Antonio District Office

5410 Fredericksburg Rd.., Suite 200
San Antonio, TX 78229-3555
PH: (210) 281-7600
TDD: (210) 281-7610
FAX: (210) 281-7606
WEBSITE: www.eeoc.gov

Mr. Paul Kavanaugh

JUN 0 4 2001                                7

Re:      Charge No.  360 A1 0936
         Respondent: Brownsville Community Health Clinic

Mr. Kavanaugh:

Your charge of employment discrimination has been assigned to me.  I have thoroughly reviewed the information provided during the intake process; however, if you have any additional information since that time concerning your allegation(s), please submit it to me immediately.  If not, you need to do nothing at this time.

You are required to notify EEOC of any change in your address, telephone number and any prolonged absences from your current address.

Your cooperation is essential.

Sincerely,

*Monte L. Earwood*

05/31/2001
Date

Monte Earwood
Federal Investigator
210-281-7682

**EXHIBIT**
*B*

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Paul Kavanaugh, Ph. D.
C/O David Horton
Neel & Horton, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597

From: Equal Employment Opportunity Commission
5410 Fredricksburg Road, Suite 200
San Antonio, Texas 78229

[    ]     *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360A10936 | Guillermo Zamora | 281-7603 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[    ]    More than 180 days have passed since the filing of this charge.

[ x ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]    The EEOC is terminating its processing of this charge.

[    ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ x ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  for   Pedro Esquivel, Director

6·29·01

Enclosure(s)

*(Date Mailed)*

cc:   Brownsville Community Health Center
C/O Raymond A. Cowley

**EXHIBIT C**

# BCHC Policies and Procedures Manual

All policies, procedures and guidelines in this
manual were reviewed in **April 2000**.



# BROWNSVILLE COMMUNITY HEALTH CENTER

## MISSION, VISION AND VALUES

### Mission Statement

To provide comprehensive primary health care services with excellence and dignity to our community.

### Vision

In service of the mission, Brownsville Community Health Center will be a community oriented comprehensive primary care center that will strive to maintain a competitive edge I the changing health care environment.

### Values

✓ Excellence
✓ Teamwork
✓ Continuous Quality Improvement
✓ Community Orientation
✓ Responsiveness to Needs
✓ Empowerment
✓ Service to All, regardless of ability to pay at the time of service

ChйPDF - www.fenko.com

## INTRODUCTION

1.01    Statement of Purpose:

The Board of Directors of Brownsville Community Health Center, by federal regulation, is required to establish personnel policies and delegate their authority to the Executive Director for implementation. The Board of Directors has the absolute authority to hire/terminate the Executive Director. The Executive Director is empowered to hire/terminate all staff employed by BCHC. The Board of Directors reserves the right to suspend any benefits made available to employees or contractors by BCHC upon request from the granting agency and/or as a result of budgetary constraints.

1.02    Statement of Responsibility:

It is the responsibility of all staff, employed or under contract, to read and follow all policies and procedures as stated in this personnel manual.

1.03    Employee At-Will:

This employee manual does not constitute an employment contract and is not intended to create contractual obligations of any kind. No property right exists in continued employment with employer (BCHC) as all employees are considered "at-will". This means that said employment is not for any specific period of time and is terminable at the will of either the employer (BCHC) or the employee. "At-will" further indicates that, the employment can be terminated by either party; with or without cause, at any time during employment.

1.04    Equal Employment Opportunity and Affirmative Action

It is the policy of BCHC to employ positive business and human resources practices designed to ensure the full realization of equal employment opportunity without regard to race, color, age, religion, sex or national origin.

To implement this policy, BCHC will continue to:

- Follow all federal, state and local laws regarding the employment relationship, including all laws regarding non-discrimination with respect to race, national origin, citizenship, color, religion, gender, age (over 40), or disability;

- Comply with the provisions of the Americans with Disabilities Act (ADA), extending reasonable accommodations to applicants and employees with disabilities as provided for under the ADA.

- Promote understanding and acceptance of the Center's policy on Equal

Employment Opportunity by all employees and by the communities in which the Center operates;

- Investigate thoroughly instances of alleged discrimination, harassment or retaliation, and take corrective action if warranted;

- Be continually alert to identify and correct any practices that are at variance with the intent of this Equal Opportunity policy.

This policy applies to all aspects of the employment relationship, including recruitment, screening, hiring, training and development, promotion, transfer, termination, layoff, compensation, benefits, social and recreational programs, and all other conditions and privileges of employment.

Members of management have the primary responsibility for seeing that the Center's Equal Employment Opportunity policies are implemented, but all employees of the Center, by their personal actions, share in the responsibility of ensuring that these policies are effective and apply uniformly to everyone. Any conduct contrary to the letter or spirit of this policy should be reported promptly on a Concern/Problem Identification Report to the Executive Director or to any member of management. Any employee found to have been involved in discriminatory conduct, in violation of this policy, will be subject to discipline up to and including termination.

1.05      Sexual Harassment/Discrimination Policy:

It is the policy of the Brownsville Community Health Center (BCHC) to maintain a workplace free of sexual harassment and intimidation.

Sexual harassment is defined as "unwelcome" sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature when:

a.      Submission to such conduct is made either explicitly or implies it is a term or condition of an individual's employment, or

b.      Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting the individual, or

c.      Such conduct has the purpose or effect of unreasonable interference with an individual's work performance or creates an intimidating, hostile or offensive working environment.

The Brownsville Community Health Center does not tolerate the harassment of any employee by any other employee, supervisor, manager, or director for any reason. ·· · · · ·· · · of a sexual nature is a violation of various state and federal laws which may

Retaliation of any kind against any employee who, in good faith, brings a sexual harassment complaint or assists in investigating a complaint is prohibited.

Exercising rights under this policy does not in any way affect an employee's right to seek relief through the Texas Commission on Human Rights, the Equal Employment Opportunity Commission (EEOC) or in a court of proper jurisdiction for any complaint for which a remedy is provided under state or federal law.

## Complaint Procedure

An employee who believes he or she is being or has been subjected to any form of sexual harassment shall bring the matter to the attention of the Human Resources Manager or the immediate supervisor. Offices of the EEOC will accept such claims, also.

## Employee/Student/Patient

Federal Funding- As indicated in the description of the Clinic *supra*, the Clinic is subject to federal funding, and as a consequence, further subject tot he guidelines and procedures required by the federal government in order to continue receiving it's funding. To the Clinic's knowledge, all those requirements contained within this Policy, Procedures and Guidelines Manual are within the parameters promulgated by the federal government. In the case as specific actions or guidelines are contrary to federal guidelines, federal guidelines shall apply. Such changes will be applicable only to the specific guideline in question and the remainder of these guidelines shall remain intact and enforceable. To the extent the federal regulations allow some sort of flexibility as long as the regulations and guidelines of this manual are within those parameters, the guidelines contained within this manual shall apply even if federal guidelines or regulations provided a different result or action.

Romantic relationships between BCHC employees with students and/or patients constitute unprofessional conduct and are prohibited.

All allegations of sexual harassment or sexual abuse of students/patients by employees shall be reported and investigated by the Human Resources Manager and/or the immediate supervisor. Information about sexual harassment or sexual abuse of a student/patient that may reasonably be characterized as suspected child abuse or neglect should be reported to appropriate authorities, as required by law. Authorities from the sponsoring school should be notified.

In considering and investigating allegations that an employee has sexually harassed or sexually abused a student/patient, the investigation shall proceed from the presumption that the employee's conduct was unwelcome.

Employees subjected to acts of sexual harassment should inform the appropriate