15

United States District Court
Southern District of Texas
FILED

JAN 2 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, § | | |
| Plaintiff § | | |
| § | | |
| VS. § | CIVIL ACTION NO. B-01-104 | |
| § | | |
| BROWNSVILLE COMMUNITY HEALTH § | | |
| CLINIC CORPORATION, D/B/A § | JURY TRIAL DEMANDED | |
| BROWNSVILLE COMMUNITY HEALTH § | | |
| CENTER § | | |
| Defendant § | | |

## MOTION FOR LEAVE TO FILE AMENDED ANSWER (UNOPPOSED)

BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, the defendant, moves this Court to grant the defendant leave to amend its answer, and for cause shows:

1. Discovery and investigation conducted to date indicate that further defenses, or matters possibly to be pleaded as defenses, are available to the defendant. Accordingly, the defendant respectfully seeks leave of Court to raise the defenses by way of amended pleading. Such defenses will not cause delay to either party in preparing for trial.

2. Defendant's Third Amended Answer is provided to the Court as Exhibit "A" to this motion.

WHEREFORE, the defendant respectfully requests that the Court grant the motion and thereby grant the defendant leave to amend, and that the court further order that the Third Amended Answer, served herewith, be filed by the Clerk with the papers in this cause.

Respectfully submitted,

Raymond A. Cowley
State Bar No. 04932400
Federal ID No. 8642
4900 N. 10th Street, Ste. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telecopier: (956) 686-6197

ATTORNEYS FOR DEFENDANT
BROWNSVILLE COMMUNITY HEALTH
CLINIC CORPORATION d/b/a
BROWNSVILLE COMMUNITY HEALTH
CENTER

**OF COUNSEL:**

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

## CERTIFICATE OF CONSULTATION

I hereby certify that I contacted the attorney for the Plaintiff and he is not opposed to this motion.

RAYMOND A. COWLEY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to the following counsel of record, on the 18 day of January, 2002.

Mr. Francisco J. Zabarte
Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521-2284

Mr. David Horton
Neel & Horton
P.O. Box 2159
South Padre Island, Texas 78597

Raymond A. Cowley

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH,<br>    Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH<br>CLINIC CORPORATION, D/B/A<br>BROWNSVILLE COMMUNITY HEALTH<br>CENTER<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## DEFENDANT'S THIRD AMENDED ANSWER

BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, Defendant, files this its amended answer to the Plaintiff's Amended Complaint - Second, hereinafter referred to as "Amended Complaint," as follows:

1.    Insofar as a responsive pleading is permitted or required, the Defendant admits to paragraph 1 of the Amended Complaint, only insofar as the Plaintiff alleges a claim of wrongful termination and asserts claims under various federal statutes and under the Constitution of the United States and the State of Texas, and also asserts common law causes of action, and further demands a jury, but the Defendant denies any wrongdoing or liability, denies violation of any of the statutory or constitutional provisions alleged, denies any common law liability, and otherwise denies the allegations set forth therein, and further denies allegations of wrongdoing or liability set forth in any exhibits referenced therein.

2.    The Defendant admits to the allegations set forth in paragraph 2 of the Amended Complaint, only insofar as this Court has jurisdiction over the parties and the claims, but denies that the Plaintiff is entitled to any relief whatsoever and otherwise denies the allegations set forth therein.

3.    The Defendant, on information and belief, admits to the allegations set forth in paragraph 3 of the Amended Complaint.

-1-



EXHIBIT A

4. The Defendant admits to the allegations set forth in 4 paragraph of the Amended Complaint, only insofar as the Defendant does business as Brownsville Community Health Center, and is a non-profit corporation doing business in Cameron County, Texas and further that the Defendant has appeared and answered herein, and that the Defendant may receive governmental funds, and that the Defendant serves the public, but the Defendant denies that it is a de facto agency of the City of Brownsville and otherwise denies any and all allegations set forth therein.

5. The Defendant admits to the allegations set forth in paragraph 5 of the Amended Complaint, only insofar as the Plaintiff alleges discriminatory or illegal conduct, but the Defendant denies that such discrimination or illegal acts or conduct occurred, and otherwise denies any and all allegations set forth therein.

6. The Defendant admits to the allegations set forth in paragraph 6 of the Amended Complaint, only insofar as the Plaintiff was employed by the Defendant from November, 1998 until his employment terminated on or about July 26, 2000, and otherwise denies the allegations set forth therein.

7. The Defendant denies the allegations in paragraph 7 of the Amended Complaint relating to reports by the Plaintiff of conduct allegedly engaged in by the Defendant, denies in any event the truth of any such reports, and otherwise denies the allegations set forth therein.

8. The Defendant admits to the allegations set forth in paragraph 8 of the Amended Complaint, only insofar as the Plaintiff wrote various memos to his supervisors, but denies any wrongdoing or liability by the Defendant, and otherwise denies the allegations set forth therein.

9. The Defendant admits to the allegations set forth in paragraph 9 of the Amended Complaint, only insofar as the Plaintiff reported various matters to his superiors, but denies any wrongdoing or liability, and otherwise denies any and all allegations set forth therein.

10. The Defendant admits to the allegations set forth in paragraph 10 of the Amended Complaint, only insofar as management informed the Plaintiff of problems, including problems communicating with employees, but the Defendant denies any wrongdoing or liability thereby, and otherwise denies any and all allegations set forth therein.

11.     The Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint.

12.     The Defendant admits to the allegations set forth in paragraph 12 of the Amended Complaint, only insofar as the Plaintiff was given written warnings for problems with his conduct and performance, but denies any wrongdoing or liability thereby, and otherwise denies any and all allegations set forth therein.

13.     The Defendant admits to the allegations set forth in paragraph 13 of the Amended Complaint, only insofar as the Plaintiff was placed on disciplinary probation, but denies any wrongdoing or liability thereby and otherwise denies the allegations set forth therein.

14.     The Defendant denies the allegations set forth in paragraph 14 of the Amended Complaint.

15.     The Defendant admits to the allegations set forth in paragraph 15 of the Amended Complaint, only insofar as the Defendant, on or about July 26, 2000, advised the Plaintiff that his employment was terminated, and that the Plaintiff thereafter in writing complained of his dismissal, but the Defendant denies any wrongdoing or liability thereby and otherwise denies any and all allegations set forth therein.

16.     The Defendant admits to the allegations set forth in paragraph 16 of the Amended Complaint, only insofar as the Plaintiff was allowed on or about August 16, 2000 to address the Board of Directors, and that the Plaintiff thereafter was notified that the Board had neither the authority nor intention to intercede, but the Defendant denies any wrongdoing or liability thereby, and otherwise denies any and all allegations set forth therein.

17.     The Defendant admits to the allegations set forth in paragraph 17 of the Amended Complaint, only insofar as Mexican-Americans, or persons otherwise regarded as Hispanic, hold positions in management, and that the person hired to replace the Plaintiff was Hispanic and younger than the Plaintiff, and that Hispanic employees, as well as all other employees, are permitted to offer constructive criticism without penalty, but denies any wrongdoing or liability thereby, and otherwise denies any and all allegations set forth therein.

18. The Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. The Defendant admits to the allegations set forth in paragraph 19 of the Amended Complaint, only insofar as the Defendant represents itself as obeying and does obey and enforce federal and state anti-discrimination statutes and guidelines, but the Defendant denies that its policy and practice of compliance with federal and state law created any contract or quasi contract with the Plaintiff as alleged, and further denies any such alleged breach, and otherwise denies any and all allegations set forth therein.

20. The Defendant lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 20 of the Amended Complaint, insofar as it is alleged that any alleged representations to the Plaintiff caused the Plaintiff to decline seeking other employment, as alleged, and therefore all such allegations are denied; and the Defendant denies the discrimination alleged and otherwise denies any and all allegations set forth therein.

21. The Defendant admits to the allegations set forth in paragraph 21 of the Amended Complaint, only insofar as the Plaintiff purported to file a charge of discrimination with the Equal Employment Opportunity Commission and, by his Amended Complaint, asserts various statutory, constitutional and common law causes of action, but the Defendant denies any wrongdoing or liability, denies violation of any statutory, constitutional or common law duty allegedly owed, and otherwise denies any and all allegations set forth therein.

22. The Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint.

23. Insofar as a responsive pleading is permitted or required, the Defendant denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. The Defendant denies the allegations set forth in the paragraphs 24, 25, 26, 27, 28 and 29 of the Amended Complaint and further denies that the Plaintiff is entitled to any of the relief sought in his Prayer for Relief.

25. Any and all allegations set forth in the Amended Complaint which have not heretofore been admitted to or denied are denied.

26. The Plaintiff has failed to set forth claims for which relief may be granted.

27. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has not fulfilled the conditions precedent to bringing his claims.

28. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to exhaust the administrative remedies necessary for bringing his claims.

29. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant is a subscriber to workers' compensation insurance, notice of its subscriber status was given to its employees in the manner required by law, the Plaintiff did not timely and in writing reject such coverage, and the Plaintiff's claims therefore are barred by the exclusivity provisions of the Texas Workers' Compensation Act.

30. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's common law claims are subsumed by his statutory claims of employment discrimination and cannot be brought separately.

31. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's employment was terminated for legitimate and non-discriminatory reasons, for which the Defendant cannot be liable.

32. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff has failed to mitigate his damages, and the Defendant is entitled, in any event, to an offset for all amounts which the Plaintiff has earned or received, or in the exercise of reasonable diligence should have earned or received, since the date on which his employment terminated.

33. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff was employed at will, and his employment therefore could be terminated at any time, with or without cause.

34. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff's claims are barred by lack of state action.

35. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that, in any event, no enabling legislation exists for assertion of claims under the Texas Constitution, and that Plaintiff's claims are barred for this further reason.

36. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Defendant is not liable in the capacity in which sued.

37. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the individuals who are alleged to have unlawfully discriminated against the Plaintiff by terminating his employment are the same individuals who hired him, thus creating the interference and presumption that no unlawful discrimination occurred, pursuant to the "same actor" defense.

38. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that the Plaintiff was offered a comparable position which he unreasonably rejected.

39. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that compensatory and punitive damages cannot be sought under Title VII of the Civil Rights Act of 1964, as amended, when simultaneous claims are asserted under 42 U.S.C. §1981.

40. The Defendant, continuing to deny any and all liability, nonetheless affirmative pleads that Plaintiff's recovery of compensatory and punitive damages, if any, pursuant to Title VII of the Civil Rights Act of 1964, as amended, cannot in any event exceed those permitted by 42 U.S.C. §1981a(b)(3).

41. The Defendant, continuing to deny any and all liability, nonetheless affirmatively pleads that compensatory and punitive damages cannot be recovered on claims brought under the Age Discrimination Employment Act (ADEA).

WHEREFORE, PREMISES CONSIDERED, Brownsville Community Health Clinic Corporation, d/b/a Brownsville Community Health Center, Defendant, having answered, prays that the Plaintiff take nothing on his claims, and that the Defendant be allowed to go hence with its costs, and further be granted general relief.

Respectfully submitted,

*[signature: Raymond A. Cowley]*

Raymond A. Cowley
State Bar No. 04932400
Federal ID No. 8642
4900 N. 10th Street, Ste. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telecopier: (956) 686-6197

ATTORNEYS FOR DEFENDANT
BROWNSVILLE COMMUNITY HEALTH
CLINIC CORPORATION d/b/a
BROWNSVILLE COMMUNITY HEALTH
CENTER

**OF COUNSEL:**

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to the following counsel of record, on the 18 day of January, 2002.

Mr. Francisco J. Zabarte
Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521-2284

Mr. David Horton
Neel & Horton
P.O. Box 2159
South Padre Island, Texas 78597

*[signature]*

Raymond A. Cowley

-7-