*19*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PAUL CAMERON KAVANAUGH, § | |
| Plaintiff § | |
| § | |
| VS. § | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH § | |
| CLINIC CORPORATION, D/B/A § | JURY TRIAL DEMANDED |
| BROWNSVILLE COMMUNITY HEALTH § | |
| CENTER § | |
| Defendant | |

MOTION FOR LEAVE TO FILE MOTION TO EXTEND DISCOVERY
DEADLINES, FOR CONTINUANCE OF TRIAL
AND FOR NEW SCHEDULING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Paul Cameron Kavanaugh, Plaintiff in the above referenced Case and moves this court to grant Plaintiff Leave to Extend Discovery Deadlines, for Continuance of Trial, and for New Scheduling Order and for cause shows:

1. This case is set for trial on April 15, 2002.

2. Discovery in this case is not yet complete. Since February 8, 2002, Plaintiff has requested Defendant to supplement various discovery responses addressed in Plaintiff's letter attached hereto is Exhibit "A" and incorporated herein by reference. Defendant Brownsville Community Health Clinic Corporation D/B/A Brownsville Community Health Clinic Center responded as February 11, 2002 in matter shown by its letter of February 11, 2002 attached hereto as Exhibit "B" and incorporated herein by reference.

3. Part of Plaintiff's allegations in this case and part Plaintiff's motion for summary judgment deal with matters concerning discrimatory treatment of Plaintiff Kavanaugh. Unfortunately, Defendant refuses to produce copies of personnel files stating that other employees' personnel files contain information which is highly personal in nature. Specifically, Plaintiff requested supplementation with regard to Requests for Production No. 34, 41, 44, 45, 46, 47, 48, and 49, all of which have not been produced to date. Plaintiff has no problem in agreeing to a mutually acceptable confidentiality agreement should it be provided by Defendant.

4. Defendant continues to refuse to produce information requested, Plaintiff would like the opportunity to file a motion to compel.

5. Plaintiff has taken the deposition of Paula Gomez. Once the information requested in the Request for Production requested above has been produced by Defendant, then Plaintiff would like the opportunity to take the depositions of Defendant's immediate supervisor, possibly the Human Resources Department and other employees at the clinic. However, until such time as these documents referred to above are produced, it would be futile to take the deposition.

6. Plaintiff has simultaneously filed an unopposed Motion for leave to amend complaint to add claims under ERISA, COBRA and

HIPPA. Because of said complaint, further discovery may be warranted.

7. Plaintiff requests an additional 90 days extension to finalize discovery and possibly to mediate case, if Defendant is willing, upon completion of same.

8. This motion for extension of time and continuance of trial is not set for delay but for justice could be done.

WHEREFORE, Plaintiff, Paul Cameron Kavanaugh respectfully requests the court to grant its leave to file for extension of the discovery deadlines and trial, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
        & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX  78521-2284
Telephone:  (956) 546-3731
Telecopier:  (956) 546-3765

By: _____
Francisco J. Zabarte
State Bar No. 22235300
Federal I.D. No. 10747

Neel & Horton, L.L.P.
David Horton
State Bar I.D. No. 10014500
P.O. Box 2159
South Padre Island, Texas 78597
Telephone: (956) 761-6644
Telefax: (956)761-7424

## CERTIFICATE OF UNOPPOSED

I conferred with, Mr. Ray Cowley, opposing counsel, prior to filing this motion, and regarding the disposition of this motion, advise the Clerk that the Defendant does oppose this motion.

David Horton w/ permission

David Horton

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2002, a true and correct copy of the above and foregoing discovery request was served upon opposing counsel, Mr. Raymond A. Cowley, 4900 A-3 N. 10th St., McAllen, Texas 78504, via fax and U. S. certified mail, return receipt requested.

Francisco J. Zabarte

LAW OFFICES OF

# NEEL & HORTON, LLP

JAMES J. NEEL
DAVID HORTON

RIO GRANDE VALLEY OFFICE
"POSSUM PLAZA • 2ND FLOOR
POST OFFICE BOX 2159
SOUTH PADRE ISLAND, TEXAS 78597
TELEPHONE 956.761.6644 • TELECOPIER 956.761.7424

SOUTHWEST TEXAS - ALPINE
915 837 3162
LAREDO - 956 725 4044

023                                February 8, 2002

Mr. Raymond Cowley
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
4900 A-2 North Tenth Street
McAllen, TX 78504
956.686.1287 Telephone
956.686.6197 Telecopier

BY DA 1418

RE          :    *Paul Cameron Kavanaugh, Ph.D.*
                 *Vs.*
                 *Brownsville Community Health Clinic Corporation*
                 *d/b/a Brownsville Community Health Center*
                 C. A. No. B-01-104 (USDC SDTX - Brownsville)

SUBJECT     :    Defendant's Responses to:
                 PLAINTIFF'S REQUESTS FOR PRODUCTION
                 TO DEFENDANT - SECOND (Nos. 33 - 54)

Dear Mr. Cowley:

1. Defendant's responses to plaintiff's above referenced discovery requests, served on plaintiff January 21, with supplemental response January 30, are in some respects deficient. Some of these deficiencies are reviewed below.

2. *Failure to identify documents*. The documents produced are identified by numbers "2RFP0001" through "2RFP0136," in the lower right of each page. However, in its responses defendant fails to identify by document identification number any documents. For example, defendant's response to Request No. 50 is "Defendant has produced herewith documents responsive to the Request." While we can certainly identify some documents (for example, the TWC Employer's Quarterly Reports- 2RFP0050-0064), we can not identify many others, including those referred to in responses 33, 36, 38, 42, 50, 51, and 53. We would appreciate your amending the responses to include references to the identification numbers.

3. *Privacy Objections*. Regarding plaintiff's requests for personnel documents relating to other employees (## 34, 41, 44, 45, 46, 47, 48, and 49), we are willing to consider an appropriate protective order. The documents sought are central to the general issue of comparative treatment between and among plaintiff and

1



DALLAS / FORT WORTH OFFICE. 400 EA... FORT WORTH, TEXAS 76102 • 817 338 0357

other employees. Please send me a draft of such order and we can begin working toward mutually acceptable terms and conditions which address defendant's concerns.

    4.   *Group Health Plan*. Request #51 appears below.

    <u>Request No. 51</u>: Please produce documents which identify each group health plan for which plaintiff was eligible to enroll in, or enrolled in, during employment, including such documents which reflect the name of plan, plan administrator, and time period during which it was in effect.

The response states it has been produced. If so, please identify the document(s) by document number. If any SPD has not been produced, then I would appreciate your telling me how much you would charge me to copy same and send them to me. While I appreciate your offer to let me review and copy the documents in your McAllen office, I would like to avoid the burden and expense of traveling to McAllen for such purpose if possible. In the alternative, since the defendant is in Brownsville, the case is in Brownsville, and your firm's main office is in Brownsville, we request the documents be made available either at your Brownsville office or at defendant's office.

    5.   *Group Health Plan*. Request #53 appears below.

    <u>Request No. 53</u>: Please produce for inspection and copying all documents reflecting notice(s) (including but not limited to "COBRA" notices) you gave plaintiff regarding rights to continuation coverage in any group insurance plans for which plaintiff was eligible or enrolled in while employed with you, including but not limited to such notices related to plaintiff's initial eligibility and termination.

In response defendant states "Produced herewith are documents provided to the Plaintiff at the time his [sic] employment terminated."

    6. As stated in paragraph 2, defendant does not identify the documents. The response fails to respond to the request for documents "related to plaintiff's initial eligibility ...," in that defendant's response refers to documents provided to the Plaintiff at the time his [sic] employment terminated." We ask you to identify the documents and produce those "related to plaintiff's initial eligibility ...."

2

7. *Group Health Plan.* In clarification and correction, of Request #54, the documents requested are those related to the federal Health Insurance Protection and Accountability Act ("HIPAA"). I made an error in stating the name of the statute in the request. Furthermore, if defendant's response is based in whole or part on a contention that the requested documents ("any Certificate of Creditable Coverage") are in the possession of a third party, it is plaintiff's position that defendant is nevertheless obligated to produce the document in that the obligation to provide the document is a nondelagable fiduciary duty. With this understood, we request defendant confirm that its response is still correct, or produce the documents.

8. Based on documents received and information known to date, with the receipt of defendant's responses of January 21 and 30, 2002, it appears there are issues under ERISA based on possible failure to comply with the notice requirements related to COBRA and HIPAA. The liability period may have even commenced early in employment and continue to date. Given the number of employees in defendant's TWC quarterly reports, pehaps a large number of employees are affected. If you believe I am imperfect in my understanding in this regard, I would appreciate your sharing your thoughts with me. Depending on your responses to the subject requests, plaintiff may seek leave to amend the complaint in order to include these issues.

9. Given the applicable time constraints, I would appreciate hearing from you regarding these matters within five (5) days from the above date. Unless we can agree on a mutually satisfactory resolution of these mattes, plaintiff will have no alternative but to file a motion to compel.

Thank you for your time and attention to these matters. Please contact me as needed.

Sincerely,

NEEL & HORTON, L.L.P.


David Horton


c: Dr. Paul Kavanaugh

Mr. Frank Zabarte: fax only- 956.546.3766

## RODRIGUEZ, COLVIN & CHANEY, L.L.P.
### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

4900 NORTH 10TH STREET
BUILDING A-2
McALLEN, TEXAS 78504
TELEPHONE (956) 686-1287
TELECOPIER (956) 686-6197

EDUARDO ROBERTO RODRIGUEZ
NORTON A COLVIN JR
MITCHELL C CHANEY
MARJORY C BATSELL
JAIME A SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E NORQUEST
CHRIS A. BRISACK
RAYMOND A COWLEY‡

LAURA J URBIS
LECIA L CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ
TERI L DANISH

*BOARD CERTIFIED IN PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

February 11, 2002

Mr. David Horton
Neel & Horton
P.O. Box 2159
South Padre Island, Texas 78597

Via Fax: (956) 761-7424

Re: Civil Action No. B-01-104
Paul Cameron Kavanaugh v. Brownsville Community Health Center

Dear Mr. Horton:

This letter is intended to address what you referred to in your February 8, 2002 letter to me as deficiencies related to my client's responses to the second set of requests for production.

There are various requests which you apparently are unable to match up with the documents produced. I will, therefore, respond to the particular requests referred to in your letter.

Request No. 33. I interpret this request essentially as asking for any and all documents which pertain to the plaintiff and which were not included in his personnel file. Of those documents produced on January 21, 2002, we regard those numbered 2RFP0017 through 2RFP0031 and 2RFP0045 through 2RFP0047 as possibly responsive. Also, I am sending under separate cover an additional document which was subsequently located, as part of the second supplementation.

Request No. 36. This request refers to the memorandum of understanding between the Clinic and BISD. The documents furnished to you, and marked 2RFP0065 through 2RFP0072 are intended as responsive. Inasmuch as they are entitled Memorandum of Understanding, I did not see the need to specifically label them.

Request No. 38. I again regard this Request as essentially relating to documents referring to the plaintiff, and I therefore refer to the response to Request No. 33, as clarified herein. I also refer to the tape-recording referenced in the earlier response.

Request No. 42. My intention was to produce the grant writer position description, and I apparently failed to. I apologize. A copy is included in the second supplementation which will be sent, under separate cover.

Request No. 50. This request asks for documents showing the identities of persons who were scheduled to attend seminars along with the plaintiff. I had produced, in turn, documents marked 2RFP001 through 2RFP0016 as responsive, and in particular documents marked 2RFP0001 and 2RFP0007. At present I have no further documents which I regard as responsive.

Request No. 51. I am sending to you with the second supplementation a copy of the group health insurance booklet provided by Prudential. It is my understanding that Prudential provided coverage during 1999 and 2000. I have been unable to locate a booklet provided by Blue Cross/Blue Shield prior to 1999.

Request No. 53. I am unable to obtain duplicates of documents provided to the plaintiff relating to a continuation of group health benefits. The documents provided to you, and marked 2RFP0032 through 2RFP0044, are forms used at the time an employment terminates.

Request No. 54. I did not, and still do not, read this request as asking for a certificate of coverage, but rather as asking for a copy of the certificate of coverage provided to the plaintiff. As stated earlier, I have been able to identify no such document. If you are requesting that a certificate of coverage be provided, please clarify your request.

With respect to furnishing you with complete personnel files, it continues to be our position that personnel files contain information which is highly personal and which would not relate in any fashion to the claims made by the plaintiff or to the defenses raised by my client. Nonetheless, insofar as you can specify that particular information you may want to see, a confidentiality agreement may, in that event, be appropriate. Below are responses relating to the particular requests referred to in your letter.

Request No. 34. You are requesting the personnel file of Alix Flores. Please recall that I provided to you documents showing Mr. Flores' qualifications and suitability for the position, in response to the first set of requests for production. Please see documents marked 0116 through 0126. There are no documents relating to discipline or lack of performance. Insofar as you believe you are entitled to anything further from his personnel file, please specify what in particular you are seeking.

Request No. 41. You are requesting the complete personnel files of persons who were discharged for insubordination. I gave you, in turn, documentation of the disciplinary events which resulted in the individuals' terminations. I see no reason, therefore, to also provide the vast numbers of unrelated documents which may be found in their personnel files. As shown by the documents provided to you, all were female. Two were Hispanic. If their ages are of interest, I will inquire. Otherwise, please tell me which documents you are seeking.

Request No. 44. You are asking for the complete personnel files of persons who received merit increases. As stated in my earlier response, there were no merit increases given during the period covered by your request. There were, however, equity increases given, to take into account either increased job duties or to bring various positions more in line with the area labor market. My intention had been to provide the identities of those who received the equity increases, and I apparently failed to do so. I am, therefore, supplementing with documents showing their identities. I continue to see no purpose served by providing you with the complete personnel files. If there are particular documents or pieces of information you need, please let me know.

Request No. 45 and No. 46. You have asked for the complete personnel files of all relatives of Hilda Gonzalez and of all relatives of any managers or supervisors of the Clinic. Unless there is clarification as to what specifically you need, and why that information is at all relevant to this case, the Clinic will stand on its objection.

Request No. 47. You are asking for the complete personnel files of all persons who have been placed on disciplinary probation. I provided to you, in turn, documentation showing 19 individuals being put on probation. Once again, the complete personnel files likely are very voluminous and will contain documents which are in no way related to the matters leading to the probations. Please, therefore, let me know what specifically you would want from the individuals' personnel files.

Requests No. 48 and 49. You have asked for the complete personnel files of Dr. Luis Gayton, a physician, and of Maria Castillo, a nurse practitioner. Insofar as there are, or are not, documents relating to the two specific incidents referred to by the plaintiff as communications problems, I will make inquiry and inform you. Otherwise, I would need to know from you what in particular you need. My client is again unwilling, however, to turn over the complete personnel files.

After you have received the further supplementation, please let me know specifically what else you believe you are lacking. I will, by separate letter, address the information and documents which I requested and still have not received from you.

Very truly yours,

**RODRIGUEZ, COLVIN & CHANEY, LLP**

Raymond A. Cowley

RAC:mls

xc: Mr. Francisco J. Zabarte
Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521-2284