IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PAUL CAMERON KAVANAUGH, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH § | |
| CLINIC CORPORATION, D/B/A § | JURY TRIAL DEMANDED |
| BROWNSVILLE COMMUNITY HEALTH § | |
| CENTER, § | |
| Defendant. § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT OF SAID COURT:

1. Plaintiff, PAUL CAMERON KAVANAUGH, files this his response to Defendant's Reply to Plaintiff's response to Defendant's Motion for Summary Judgment and in support thereof respectfully shows unto the court the following:

I.

2. Defendant's Motion for Summary Judgment is convoluted as written, and Plaintiff's response was written specifically to incorporate the general allegations of Defendant's Motion for Summary Judgment. For example, the Defendant alleges to the Court that Plaintiff failed to address claims brought under 42 U.S.C. §1983. Such allegation is false. Plaintiff's claims with regard to these matters are interwoven its response and argument concerning state action which is discussed at length in the response. Most significantly, Plaintiff discussed the public

function test in paragraph 15 of Plaintiff's reply in which the court was informed of factors which the court may consider with regard to whether a private entity can function as public entity. Such discussion and analysis of the facts therein illustrate that Plaintiff has not failed to address claims in the response to the Motion for Summary Judgment.

## II

3. Similarly, Defendant has made allegations with regard to Plaintiff's attempt to mislead the court and that Defendant may be no longer urging retaliation claims under Title VII in the ADEA. Plaintiff has clearly pled that made upon being advised that Defendant would terminate him, that he opposed Defendant's conduct towards him both orally and in writing. Thus, Plaintiff asserted his rights under applicable federal statutes by opposing a practice made unlawful thereunder. Thereafter, the Board of Directors conducted a hearing on August 16, 2000 and on or about September 5, 2000, where Defendant advised Plaintiff that his termination was final. These claims have not been abandoned.

## III

4. Regardless of Plaintiff's attorney's incorrect citing of a case which is equally available to Plaintiff, the Plaintiff has no intentions to mislead the court as Defendant so carelessly states. Plaintiff further states that the proposition propounded by Plaintiff, with regard <u>Jones v. Memorial Hospital</u>, was that there

are distinctions between the federal and state free speech guarantees, and that, basically, this Texas Constitution provided free speech in positive terms as opposed to restrictive ones. *Id.* at 893-94. This gives litigants more expansive legal bases for infringement of the right of free speech. Plaintiff further states that Jones stands for the proposition of analyzing the facts under the public function test with the factors identified in the motion, which Defendant so clearly dreads to do.

IV

5. The Blum v. Yaretsky, 457 U.S. 991, 1025 S. Ct 2777, 73 L. Ed. 2d 534 (1982) and the Rendell-Baker v. Kohn, 457 U.S. 830, 102 S. Ct. 2764, 73 L. Ed 2d 418 (1982) decisions are cases which have an extensive history of interpretation. Most of the cases look at a specific facts before them to distinguish the referenced cases and often determine that they are not applicable and/or are distinguishable. Notwithstanding the argument regarding the Texas Constitution in the preceding paragraph, federal courts traditionally look at facts of the case before them and determine that State action necessarily depends upon the factual contexts from which the controversy arises. Albert v. Carovano, 824 F. 2d 1333, 1340 (2d Cir. 1987).

6. Analyzing the facts before it, in the Albert case, the Second Circuit reversed the trial court and found that material questions of fact precluded entry of summary judgment in a §1983 action in

which students at a private college had alleged discrimination and denial of due process rights when they were suspended without a hearing for participating in a student sit in at a private college. *Id.* at 1341. That court noted the <u>Blum</u> and <u>Randell-Baker</u> cases, and found that both cases were distinguishable. *Id.* 1339. The court then looked to various facts concerning the case including that the appellees had presented testimony that the state had encouraged if not required private colleges to take certain disciplinary stances toward disruptions of public order, and noted that certain administrators were legally bound or enforced certain regulations that the state had promulgated. *Id.* 1341. The court thus found that this was enough evidence to raise substantial question as to whether the state coerced or "significantly encouraged" colleges to take strict disciplinary actions against campus disturbances and is reversing the trial court. *Id.* at 1341.

7. The Fifth Circuit also reversed a summary judgment on a §1983 claim in an action where a physician who was not reappointed to a medical staff filed discrimination action based on national origin and alienage and denial of due process, against a hospital, board and trustees. <u>Jatoi v. Hurst-Euless-Bedford Hosp. Authority</u>, 807 F.2d 1214 (5th Cir. 1987). The court finding the facts of that case were more similar to <u>Burton v. Wilmington Parking Authority</u>, 365 U. S. 715, 81 S. Ct. 856, 6 L. Ed. 2d 45 (1961), than <u>Blum</u> and

Randell-Baker noted, inter alia, (1) the link between the state and private manager of the hospital is made especially clear by the fact that the authority initially operated the hospital itself and the private manager took over the job formally performed by the state for the public benefit, *Id.* at 1221; (2) that although the authority had no direct input on day to day operations of the hospital it was informed of decisions including the decision to terminate the doctor's privileges. *Id.* at 1221; and (3) that it monitored the activity of its lessee and retained the ability to prevent or control racial discrimination by its private manager. *Id.* at 1221. Therefore, the court stated the authority "cannot benefit from private management of the hospital and at the same time insulate itself from liability for racial discrimination by that manager. *Id.*, and that the private Defendants cannot receive public funds, utilize public facilities and serve a public purpose yet insist that their private status forestalls any correction of a violation of the constitutional rights of their medical staff. *Id.* 1221-1222.

8. The Ninth Circuit also reversed a summary judgment granted in favor of a physician who had contract services with the county along with other people in the county and who allegedly committed the Plaintiff. Jensen v. Lane County, 222 F. 3d 570 (9th Cir. 2000). In that case, the court held the doctor to be a "state actor" even though the doctor asserted that Blum was directly

analogous to his case. *Id.* 574-575. Court determined that it must find a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the State itself." *Id.* 575, citing, <u>Jackson v. Metropolitan Edison Co</u>, 419 U.S. 345,350,95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). In addition, the court, noted that there was interdependence between the private party and the state, that it was a joint participant in an enterprise, and that the doctor and the county through its employees had undertaken a complex and deeply intertwined process of evaluating and detaining individuals who were believed to be mentally ill. *Id.* It also found that there was significant consultation with and among the various mental health professionals, and that the private entity developed and maintained mental health policies of the public hospitals. *Id.* Thus, the Court was convinced that the State was so deeply insinuated in the process that there was a sufficiently close nexus between it and the challenged action of the non-profit corporation that the latter may be fairly treated as that of the State itself. *Id.* 575.1

9. The campus health centers are located within various Brownsville Independent School District Campuses. The Brownsville Independent School District is involved in the employment practices of people being hired at the school. Though Paula Gomez and Defendant continues to state that the employment decision was made

entirely by her, that is blatantly not true based on her deposition testimony, based on the facts that are presented and based on the evidence which will ultimately be shown to the court. Plaintiff believes that BISD staff was consulted in the firing as well as the hiring. To this end, Plaintiff directs the court to the evidence presented by Plaintiff in response to Defendant's motion for summary judgment. At the very least there is a fact question regarding this issue. Furthermore, the evidence presented is that the City of Brownsville at one time was responsible for the clinic which are now running in a special way with the Brownsville Independent School District, a public entity. Moreover, it is just as clear that Paula Gomez, even though she stated she made the decision to terminate entirely, also stated that other parties are responsible for her decision, such as the benefits administrator, Emily Alpert and BISD, for the decisions which ultimately lead to her termination of Paul Kavanaugh. It is clear that Defendant, while not allowing Plaintiff discovery concerning various issues, including its relationship with public entities, is using the blanket statements by Paula Gomez to avoid presenting evidence which will ultimately prove the symbiotic relationship Defendant has strangely avoided to admit. In other words, "[o]nly by shifting through facts and weighing circumstances can a non-obvious involvement of the State in private conduct be attributed its true significance." <u>Albertson v. Carovano</u> at 1340, <u>Citing, Lugar v.</u>

Edmondson Oil Co., 457 U.S. 922, 939, 102 S. Ct. 2744, 2754-55, 73 L. Ed. 2d 482 (1982). Ultimately, the facts will show that the Defendant should be a considered state actor for purposes of this matter.

10. Nothing can hide the fact that Paula Gomez, as well as all the decision makers of the clinic today, according to Paula Gomez, are all either female or Hispanic, and the only person who is non-Hispanic is considered by Ms. Gomez as "Jewish". (Exhibit "C", Paula Gomez pg. 96-98). Nothing can change the fact that the person who was hired in Plaintiff's place is Hispanic and is less then 40 years old. (Exhibit "C", Paula Gomez pg. 108). Any explanation given by Defendant in the reply are argumentative and only goes to prove that there are fact issues in question which should not be determined in a motion for summary judgment.

11. WHEREFORE, Plaintiff respectfully, requests this Honorable Court, to deny Defendant's Motion for Summary Judgment, or, alternatively, defer ruling on Defendant's Motion for Summary Judgment until such further facts are developed or affidavits are presented pursuant Federal Rules of Civil Procedure 56(f). Plaintiff further prays for such other further relief, at law and equity to which Plaintiff maybe justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
&amp; ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas  78521-2284
Telephone: 956/546-3731
Telecopier: 956/546-3765

By: _____
Francisco J. Zabarte
State Bar No. 22235300
ATTORNEYS FOR DEFENDANT

Neel &amp; Horton, L.L.P.
David Horton
P.O. Box 2159
South Padre Island, Texas 78597
Telephone: (956) 761-6644
Telefax: (956)761-7424

David Horton
State Bar I.D. No. 10014500
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2002, a true and correct copy of the above and foregoing discovery request was served upon opposing counsel, Mr. Raymond A. Cowley, 4900 A-3 N. 10th St., McAllen, Texas 78504, via U. S. certified mail, return receipt requested.

_____
Francisco J. Zabarte