United States District Court
Southern District of Texas
FILED

JUL 2 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH,<br>　　Plaintiff | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH<br>CLINIC CORPORATION, D/B/A<br>BROWNSVILLE COMMUNITY HEALTH<br>CENTER<br>　　Defendant | § § § § § § | JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S HIPAA CLAIM

BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, Defendant, moves this Court to grant summary judgment in its favor, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for the reason that, with respect to the claim brought under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 29 U.S.C. §1181 et seq. and 42 U.S.C. §§ 300 gg et seq., there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law. In support thereof, the Defendant respectfully shows as follows:

　　1.　　The Plaintiff on March 7, 2002 filed an amended complaint and therein alleged, among other things, that he was not provided with a certificate of creditable coverage following the termination of his employment, as called for by HIPAA. The Defendant, in turn, moves for summary judgment on the Plaintiff's newly-added HIPAA claim, for the reasons that:

　　　　a.　　The duty to provide such certificate of creditable coverage is imposed on the group health plan and on the group insurance issuer, and not on the employer;

　　　　b.　　pursuant to the understanding and procedure established between the Defendant and the group insurance issuer, the group insurance issuer was to provide, and in fact did provide, the HIPAA certificate to the Plaintiff; and

　　　　c.　　there is no provision under HIPAA, in any event, for a private right of action for failure to provide the certificate of creditable coverage.

　　2.　　HIPAA requires that "[a] group health plan, and a group health issuer offering group health insurance coverage, shall provide ... certification:

(i) at the time an individual ceases to be covered under the plan or otherwise becomes covered under a COBRA continuation provision,

(ii) in the case of an individual becoming covered under such a provision, at the time the individual ceases to be covered under such provision, and

(iii) on the request on behalf of an individual made not later than 24 months after the date of cessation of the coverage described in clause (i) or (ii), whichever is later.[1]

The term "group health plan," in turn, is defined as "an employee welfare benefit plan to the extent that the plan provides medical care . . . directly or through insurance, or otherwise."[2]

3. As shown by the foregoing, the duty imposed by HIPAA to provide the certificate is one imposed on the plan and not on the employer. Under the enforcement scheme embodied in ERISA,[3] an employee welfare benefit plan is an entity which is separate and apart from the employer. Accordingly, where the duty owed and allegedly breached is one assigned to the *plan*, then it is the plan, and not the employer, that properly is susceptible to suit.[4]

4. The Plaintiff, by the recent amendment to his pleadings, has continued to sue only his former employer and not the group health plan. By bringing his HIPAA claim against the Defendant, therefore, he has sued the wrong party, and summary judgment should be granted in favor of the Defendant on that basis alone.

5. In addition to the foregoing, the Act itself provides that:

> To the extent that medical care under a group health plan consists of group health insurance coverage, the plan is deemed to have satisfied the certification requirement under this paragraph if the health insurance issuer offering the coverage provides for such certification in accordance with this paragraph.[5]

Similarly, the regulations promulgated for the Act's enforcement provide as follows:

---

[1] 29 U.S.C. §1181(e)(1)(A).

[2] 29 U.S.C. §1191b(a)(1).

[3] HIPAA is an amendment to the Employee Retirement Income Security Act of 1974 (ERISA). Pub.L. 104-191 (Aug. 21, 1996), 110 Stat. 1939, §101(a).

[4] See, e.g., Pecor v. Northwestern Nat. Ins. Co., 869 F.Supp. 651, 653 (E.D. Wisc. 1994); Chilcote v. Blue Cross & Blue Shield, 841 F. Supp. 877, 880 (E.D. Wisc. 1993).

[5] 29 U.S.C. §1181(e)(1)(C).

(ii) *Duplicate certificates not required.* An entity required to provide a certificate under this paragraph (a)(1) for an individual is deemed to have satisfied the certification requirements for that individual if another party provides the certificate, but only to the extent that information relating to the individual's creditable coverage and waiting for affiliation period is provided by the other party.[6]

(iii) *Specific rule for group health plans.* To the extent coverage under a plan consists of group health insurance coverage, the plan is deemed to have satisfied the certification requirements under this paragraph (a)(1) if any issuer offering the coverage is required to provide the certificates pursuant to an agreement between the plan and the issuer.[7]

6. The summary judgment evidence before the Court, in turn, demonstrates that the understanding and procedure followed by the Defendant and Aetna called for Aetna to provide the certificates of creditable coverage.[8] The evidence further shows that, with respect to the Plaintiff, the certificate in fact was generated by Aetna on August 28, 2000 and was mailed to him at his Brownsville, Texas residence address on August 31, 2000.[9]

7. The Plaintiff conveniently alleges he never received the certificate. For purposes of the instant motion, however, such an allegation is of no moment, as the Defendant was relieved of any responsibility to provide it. The motion for partial summary judgment should, therefore, be granted for this further reason.

8. As a final impediment to the Plaintiff's right to recover, the enforcement scheme contained in HIPAA provides for enforcement by the Secretary of Health and Human Services for failure by a plan or by an group insurance issuer to furnish the necessary certificate.[10] There is no provision within either the Act or the regulations which would allow for recovery of damages or

---

[6] 29 C.F.R. §2590.701-5(a)(1)(ii).

[7] 29 C.F.R. §259.701-5(a)(1)(iii).

[8] Affidavit of Hilda Gonzalez, attached as Exhibit "A" and incorporated herein.

[9] Affidavit of Joseph Higgins, attached as Exhibit "B" and incorporated herein.

[10] 42 U.S.C. §300 gg-22(b).

civil penalties by private right of action. Accordingly, HIPAA is regarded as providing no private right or remedy.[11] Summary judgment should, therefore, be granted for yet this further reason.

9. This motion is supported by the pleadings and the sworn evidence attached hereto. Insofar as the Court might not grant the complete relief sought, the Court respectfully is asked to examine the pleadings and evidence, to interrogate counsel and to delineate for the parties which material facts remain genuinely and in good faith controverted, such that the parties must proceed to trial on the Plaintiff's HIPAA claim.

WHEREFORE, BROWNSVILLE COMMUNITY HEALTH CLINIC CORPORATION, D/B/A BROWNSVILLE COMMUNITY HEALTH CENTER, Defendant, moves this Court to grant judgment in its favor on the Plaintiff's HIPAA claim. The Defendant further prays for its costs, and for general relief.

Respectfully submitted,

Raymond A. Cowley
State Bar No. 04932400
Federal ID No. 8642
4900 N. 10th Street, Ste. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telecopier: (956) 686-6197

ATTORNE FOR DEFENDANT
BROWNSVILLE COMMUNITY HEALTH
CLINIC CORPORATION d/b/a
BROWNSVILLE COMMUNITY HEALTH
CENTER

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

---

[11]See, e.g., O'Donnell v. Blue Cross Blue Shield of Wyoming, 173 F.Supp.2d 1176, 1180 (D.Wyo. 2001). ("Review of HIPAA's enforcement provisions reveals no congressional intent to create a private right or remedy.").

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested to the following counsel of record, on the __22__ day of __July__, 2002.

Mr. Francisco J. Zabarte
Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521-2284

Mr. David Horton
Neel & Horton
P.O. Box 2159
South Padre Island, Texas 78597

_____
Raymond A. Cowley

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH,<br>    Plaintiff | § § § | |
| VS. | § § | CIVIL ACTION NO. B-01-104 |
| BROWNSVILLE COMMUNITY HEALTH<br>CLINIC CORPORATION, D/B/A<br>BROWNSVILLE COMMUNITY HEALTH<br>CENTER<br>    Defendant | § § § § § | JURY TRIAL DEMANDED |

## AFFIDAVIT OF HILDA GONZALEZ

| | |
|---|---|
| THE STATE OF TEXAS | § § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned authority, personally appeared HILDA GONZALEZ, who being by me duly sworn, deposed as follows:

"My name is Hilda Gonzalez. I am over 21 years of age and have never been convicted of a felony. I am Human Resources Manager for Brownsville Community Health Center ("Clinic"). I held that position during the period of time that Paul Kavanaugh, the Plaintiff, was employed and at the time his employment terminated. I am in charge of group benefits, including those matters relating to certificates of creditable coverage. I therefore have personal knowledge of the facts stated herein, and those facts are true and correct.

"Group health insurance benefits, at the time the Plaintiff's employment terminated, were provided by Aetna Life Insurance Company. The understanding between the Clinic and Aetna was that Aetna, and not the Clinic, would provide the certificates of creditable coverage called for by HIPAA. Accordingly, the Clinic, pursuant to its understanding and the understanding of Aetna, relied on Aetna to provide the necessary certificate to the Plaintiff following the termination of his employment."

1


EXHIBIT A

coverage called for by HIPAA. Accordingly, the Clinic, pursuant to its understanding and the understanding of Aetna, relied on Aetna to provide the necessary certificate to the Plaintiff following the termination of his employment."

Further affiant sayeth naught.

*HILDA GONZALEZ*
HILDA GONZALEZ

SUBSCRIBED AND SWORN to before me on this 17th DAY OF July, 2002, to certify which witness my hand and official seal

*Maria L. Salinas*
Notary Public - State of Texas

MARIA L. SALINAS
MY COMMISSION EXPIRES
November 25, 2003

2

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL CAMERON KAVANAUGH, § | | |
|    Plaintiff § | | |
| § | | |
| VS. § | CIVIL ACTION NO. B-01-104 | |
| § | | |
| BROWNSVILLE COMMUNITY § | | |
| HEALTH CLINIC CORPORATION, § | JURY TRIAL DEMANDED | |
| D/B/A BROWNSVILLE COMMUNITY § | | |
| HEALTH CENTER § | | |
|    Defendant § | | |

### AFFIDAVIT OF JOSEPH D. HIGGINS

THE STATE OF PENNSYLVANIA §
                                §
COUNTY OF MONTGOMERY §

    BEFORE ME, the undersigned authority, personally appeared JOSEPH D. HIGGINS, who being known to me, on his oath deposed and said as follows:

    "My name is Joseph D. Higgins. I am over 21 years of age and have never been convicted of a felony. I am employed by Aetna Life Insurance Company and my duties include oversight of the preparation of certificates of creditable coverage, as called for by the Health Insurance Portability and Accountability Act (HIPAA). The statements contained in this affidavit are based on my personal knowledge and upon business records of Aetna, and are true and correct.

    Paul C. Kavanaugh's coverage under the group health plan issued by Prudential Healthcare to Brownsville Community Health Center terminated on July 25, 2000. A record of Mr. Kavanaugh's termination of coverage was entered into the Prudential Healthcare computer system on August 23, 2000. The record of Mr. Kavanaugh's


EXHIBIT B

termination was included in the week 34 PHC GES HIPAA Dataset. The inclusion of Mr. Kavanaugh's termination record in this dataset indicates that a HIPAA certificate of creditable coverage was created on August 28, 2000 and was mailed to Paul C. Kavanaugh at his Brownsville, Texas residence address on August 31, 2000."

Further affiant sayeth naught.

_____
JOSEPH D. HIGGINS

SUBSCRIBED AND SWORN to before me on this __3rd__ DAY OF __July__, 2002, to certify which witness my hand and official seal.

_____
Notary Public - State of Pennsylvania

```
NOTARIAL SEAL
PAMELA L. DAVIS, Notary Public
Whitpain Twp., Montgomery County
My Commission Expires May 6, 2006
```